The parties were married in 1977 and divorced in 1989. Two children were born during the course of the marriage. The divorce decree ordered the father to pay $600 per month child support.
In April 1991 the father filed a motion to modify requesting, among other things, that the child support be lowered and that the mother be held in contempt for failure to allow reasonable visitation. In June 1991 the mother filed a motion to modify. That motion is not pertinent to the resolution of this appeal.
A hearing was held on the motions in July 1991. The trial court entered a decree finding the mother to be in contempt on the visitation ground. The court lowered the child support to $382 per month plus 42% of any gross overtime pay, not to exceed $600 per month.
The mother appeals and initially asserts that the trial court erred in modifying the child support. She insists that the father failed to prove that a material change in circumstances had occurred since the entry of the original decree.
A child support award may be modified only on proof of a material change of circumstances since the last decree. The burden of proof rests on the party seeking the modification.Forlini v. Forlini, 455 So.2d 855 (Ala.Civ.App. 1983). The paramount consideration in determining the amount of child support is the needs of the children, taking into account the parent's present ability to pay. Brannon v. Brannon,477 So.2d 445 (Ala.Civ.App. 1985). The modification of child support for changed circumstances is a matter strictly within the trial court's discretion. The trial court's decision will not be disturbed on appeal unless there is an absence of supporting evidence or an abuse of discretion. Bass v. Bass,475 So.2d 1196 (Ala.Civ.App. 1985).
Our review of the record, viewed with the attendant presumptions of the rule of ore tenus, supports the mother's assertion that the father failed to prove that a material change in circumstances has occurred since the entry of the last decree.
The father failed to present any evidence establishing a substantial change in his *Page 306 
yearly earnings or in his present earning abilities. The father's request for a reduction in child support was premised on the fact that he had heard that "a memo came down from Cincinnati saying that overtime would be cut out totally." He testified that without overtime pay he would not be able to continue to make his present child support payments. At the time of the hearing, the alleged cessation of overtime pay had not occurred. The father further failed to substantiate at the hearing that his income had indeed decreased.
The court's reduction in child support is not supported by the evidence, but rather is based on a mere supposition that the father's income "may" be decreased at a future date.
The court erred in ordering the reduction in child support. We do point out that the award of child support is not res judicata and may be modified in the future due to materially changed circumstances. Miller v. Miller, 437 So.2d 574
(Ala.Civ.App. 1983).
The mother next contends that the trial court erred in finding that she was in contempt for failure to allow reasonable visitation. She cites no authority to support her contention. Failure to cite any authority in support of an appellate argument precludes this court from considering the issue presented. May v. State Dep't of Human Resources,512 So.2d 781 (Ala.Civ.App. 1987).
The mother finally asserts that the trial court erred in denying her request for attorney's fees. The award of attorney's fees is a matter within the discretion of the trial court and will be reversed on appeal only for an abuse of that discretion. Reynolds v. Reynolds, 376 So.2d 732 (Ala.Civ.App. 1979). We find no such abuse.
The judgment of the trial court is affirmed in part and reversed in part and remanded.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
All the Judges concur.