This case involves a post-divorce petition for post-minority educational support and increased child support.
Denise M. Smith (mother) and Albert H. Smith (father) were divorced in 1987. The mother was awarded custody of the parties' two minor children and the father was ordered to pay $300 per month, per child for their support and maintenance. In August 1992, the State of Alabama, on behalf of the mother, filed a petition for modification seeking post-minority support for the older child and an increase in support for the younger child. The father answered, denying a change of circumstances, and he filed a counterclaim, requesting termination of his support for the older child upon the older child's attaining the age of majority in October 1992. Following ore tenus proceedings in February 1993, the trial court denied the petition for post-minority support for the older child, but it modified the judgment for the younger child by increasing the father's support obligation to $400 per month pursuant to the guidelines of Rule 32, Ala.R.Jud.Admin.
The mother appeals, contending that the trial court erred in determining the father's support obligation for the younger child in that the trial court did not include the father's *Page 254 
"overtime" income as evidenced by his income records and testimony. The mother does not appeal the trial court's ruling regarding post-minority support, and neither party contests the trial court's finding of a change of circumstances necessary to support the modification of the child support obligation. Thus, the dispositive issue on appeal is whether the trial court abused its discretion in refusing to utilize the father's substantial "overtime" income in computing his support obligation.
We begin by noting that matters relating to child support and its subsequent modifications rest soundly within the discretion of the trial court, even after the effective date of the child support guidelines. Rule 32, Ala.R.Jud.Admin.; State Departmentof Human Resources v. Thomas, 615 So.2d 84
(Ala.Civ.App. 1992). This discretion is not unbridled, however, for while the trial court is afforded the discretion to determine whether there has been a material change in a parent's circumstances justifying a modification of child support, it is not at liberty to ignore the undisputed evidence concerning a parent's ability to pay. Rotar v. Weiland, 591 So.2d 893
(Ala.Civ.App. 1991). Additionally, the child support guidelines of Rule 32, Ala. R. Jud. Admin., are mandatory, and the trial court may deviate from them only where the parties have entered a fair, written agreement establishing a different amount of support and stating the reasons therefor, or upon a written finding on the record that the application of the guidelines would be manifestly unjust or inequitable. Rule 32, Ala. R. Jud. Admin.;Thistlethwaite v. Thistlethwaite, 590 So.2d 317
(Ala.Civ.App. 1991). No such agreement or finding exists in the case sub judice.
Our research reveals no cases in which this court has addressed the precise issue of whether "overtime" income must be included in gross income for child support purposes. This court has upheld the trial court's refusal to include "overtime" income where the amount and period of time during which such income would be payable was speculative and uncertain. See Homan v. Homan, 623 So.2d 326
(Ala.Civ.App. 1993). Similarly, this court reversed a trial court's judgment decreasing a parent's support obligation "based upon a supposition" that the parent's "overtime" income would be diminished or terminated. Simmons v. Simmons, 600 So.2d 305,306 (Ala.Civ.App. 1992). Thus, in the limited cases concerning the issue of "overtime" income, this court has assumed, without deciding, that such income may be included in the determination of a parent's support obligation, pursuant to Rule 32, to the extent that such income is not speculative or uncertain. SeeSimmons, supra.
Rule 32(B)(2), defines "gross income" as follows, viz:
 "(i) 'Gross income' includes income from any source, and includes, but is not limited to, income from salaries, wages, commissions, bonuses, dividends, severance pay, pension income, interest, trust income, annuities, capital gains, social security benefits, workmen's compensation benefits, unemployment insurance benefits, disability insurance benefits, gifts, prizes, and preexisting periodic alimony."
A divorced parent's duty to contribute to the maintenance of his or her minor children is not limited to his or her wages, but may also include income derived from property holdings and any other earning capacity. Forlini v. Forlini, 455 So.2d 855
(Ala.Civ.App. 1983).
The evidence in the case sub judice reveals that the father is paid at the rate of $17.28 per hour, and that he has worked overtime each and every year during the last eighteen years. The father testified that he worked "substantial" overtime during each year; yet, at some point in the proceedings, the father testified that his gross pay was $1382 biweekly, a sum based upon his hourly rate multiplied by 40 hours per week.
The father admitted that his actual pay had been more than that each and every month, and that during the past year, he had worked overtime every month. His 1987 tax return revealed that he reported gross income of $40,604. In 1991, he and his current wife reported gross earnings of $85,742. The father testified that approximately $27,000 of the combined 1991 income was that of his wife. *Page 255 
The trial court ordered an increase in the father's child support obligation from $300 to $400 per month for the younger child, stating that the order was made pursuant to the guidelines of Rule 32, Ala.R.Jud.Admin. The child support guideline form in the record attributes the father's and mother's income as $2995 and $1200 per month, respectively. The father's income represented over 70% of the total combined income, and resulted in a guideline obligation of approximately $400 per month. Mathematical computations support the conclusion that the trial court utilized the $2995 per month figure as the father's income for support purposes. Although the trial court recognized the father's income as being greater than he acknowledged for support purposes, nevertheless, the trial court did not utilize the father's undisputed substantial overtime income for purposes of determining his child support obligation.
Thus, the central question in this appeal is whether the father's overtime income should be considered in establishing the proper amount of child support. Considering the definition of income in Rule 32, Ala.R.Jud.Admin., together with prior holdings, we conclude that the father's "overtime" income falls within the definition of income for purposes of establishing his obligation of support, to the extent that such income is sufficiently substantial and continuing, and that it can be accurately determined. To do otherwise is to ignore undisputed evidence regarding his ability to support this child. SeeRotar, supra. Therefore, we conclude that the trial court abused its discretion in determining the father's child support obligation without considering his substantial and continuing "overtime" income, which based upon the evidence in this case is neither speculative nor uncertain. This conclusion is consistent with a number of our sister states. See, for example, In re Marriage of Cress, 850 P.2d 383 (Or.App. 1993);In re Marriage of Brown, 487 N.W.2d 331 (Iowa 1992); Scott v.Scott, 107 Nev. 837, 822 P.2d 654 (1991); and Strauch v.Strauch, 401 N.W.2d 444 (Minn.App. 1987). As in Brown, supra, and Homan, supra, we are mindful that there may be circumstances where overtime pay appears to be an anomaly or is uncertain or speculative, thereby justifying its exclusion from income for purposes of setting child support or deviating from the child support guidelines, in which case the trial court should make a finding to that effect.
For the foregoing reasons, the judgment of the trial court establishing child support is reversed, and the cause is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, J., concur.