This divorce case was originally assigned to a former judge on this court and was recently reassigned. We affirm.
Tom H. King ("husband") and Betty King ("wife") were married on January 9, 1976. They separated 18 years later, and the wife sued for a divorce. The parties had two children during their marriage, one of whom is an adult and married. The other child was 11 years old at the time of trial.
The case went to trial on January 22, 1996. The parties stipulated that custody of the parties' minor child would remain with the wife, and that the husband would have reasonable visitation. The parties also submitted child support obligation income statements to the court to enable the court to determine the child support amount under the guidelines set forth in Rule 32, Ala. R. Jud. Admin.
The trial judge entered a divorce judgment on February 14, 1996. The order divided the parties' property, awarded alimony, and required the husband to maintain life insurance for the benefit of the minor child. The provisions of the order relating to this appeal are the ones ordering the husband to pay $704 per month in child support for the minor child, as calculated under the Rule 32 guidelines, and ordering him to maintain medical insurance for the wife under his employer's COBRA plan until the wife remarries, becomes employed full-time, or is covered by some other health plan. The husband argues that the trial court improperly considered his overtime compensation in calculating the amount of child support he owed. The husband also argues that because he can cover the wife under his health plan for only 36 months, the court erred in awarding her COBRA benefits.
 "A divorce judgment based on ore tenus evidence is presumed correct, and this court will not reverse such a judgment absent a finding of a plain and palpable abuse of discretion. Brannon v. Brannon, 477 So.2d 445 (Ala.Civ.App. 1985). This presumption of correctness is based, in part, on the trial court's unique position to observe the parties and witnesses first-hand and to evaluate their demeanor and credibility. Hall v. Mazzone, 486 So.2d 408 (Ala. 1986)."
O'Neal v. O'Neal, 678 So.2d 161, 164 (Ala.Civ.App. 1996) (quoting Albertson v. Albertson, 678 So.2d 118, 119-20
(Ala.Civ.App. 1995)).
The husband's first contention of error is that the trial court improperly considered his overtime compensation in determining the child support amount. At the beginning of the trial, the parties each provided the court a Form CS-41 "Child Support Obligation Income Statement/Affidavit." The parties agreed that child support was not an issue, "[a]ssuming the income figures are accurate." Using the income amounts provided by the parties, the court then calculated the child support amount in accordance with Rule 32, Ala. R. Jud. Admin.
Overtime pay, where substantial and continuing, should be included in the calculation of income for the purposes of determining child support. State ex rel. Smith v. Smith,631 So.2d 252, 253 (Ala.Civ.App. 1993). However, where the amount of any overtime income is speculative or uncertain, a court may refuse to include that income. Homan v. Homan, 623 So.2d 326
(Ala.Civ.App. 1993).
The husband testified that he was in bad health and was not making as much overtime pay as he was the previous year. He also testified that he had not made any overtime pay during the 1996 calendar year.[1] It is on this testimony that he bases his assertion that the trial court erred. The primary case on which the husband relies, Simmons v. Simmons, 600 So.2d 305
(Ala.Civ.App. 1992), is a support modification case *Page 514 
that directly contradicts the husband's position.
In Simmons, the husband anticipated a decrease in available overtime hours, which he argued would prevent him from making the full amount of required child support. At the time of trial, however, the anticipated cuts in overtime hours available to the husband had not materialized. This court held that the trial court erred in decreasing the child support amount, because the decision was not based on evidence of a change in circumstances, but merely upon a "mere supposition" that the overtime hours would be cut, thus reducing the husband's income. Simmons v. Simmons, 600 So.2d 305
(Ala.Civ.App. 1992).
Thus, Simmons is directly on point, but it does not support the husband's position. As in Simmons, the husband here merely anticipates a decline in his income due to a decrease in available overtime and, apparently, due to his declining health. The trial court did not abuse its discretion in using the income figure the husband submitted to the court earlier in the proceedings, rather than attributing a lower income to the husband based on the husband's speculation that his income might decrease. We affirm on this issue.
In so holding, we point out, as this court did inSimmons, that a child support award may be modified by the trial court at any time if the parties' circumstances change materially. See Simmons v. Simmons, 600 So.2d 305
(Ala.Civ.App. 1992); Miller v. Miller, 437 So.2d 574 (Ala.Civ.App. 1983).
The father next contends that the trial court erred in ordering that he provide the wife with health insurance benefits until she remarries, finds full-time employment, or becomes covered under some other health insurance policy. The father argues that this section of the order provides health benefits for the wife indefinitely, but that the benefits available under his employer's COBRA plan last for only 36 months after the parties' divorce. The father fails to cite any authority to support his argument on this issue. An appellate court is precluded from considering an issue that is not properly supported by citations to authority. Simmons v.Simmons, 600 So.2d 305 (Ala.Civ.App. 1992) (citing May v.State Dep't of Human Resources, 512 So.2d 781 (Ala.Civ.App. 1987)).
We do note that the husband is capable of providing health insurance under his employer's COBRA plan for several years. After that time, "if he is unable to so provide [health insurance for the wife], then the trial court can remedy that situation by the appropriate proceedings." Irving v. Irving,678 So.2d 1158 (Ala.Civ.App. 1996).
The trial court did not abuse its discretion on either of these issues. Therefore, we affirm. The wife's request for an attorney fee is granted in the amount of $500.
AFFIRMED.
YATES, MONROE, and CRAWLEY, JJ., concur.
ROBERTSON, P.J., concurs in the result only.
[1] We note again that the trial date was January 22, 1996, just over three weeks into the 1996 calendar year.