Terry Massey and Mischell Massey were divorced on January 14, 1997, after 2 years of marriage. One child was born of the marriage. At the time of trial, the child was almost 2 years old. After an ore tenus trial, the court awarded the wife custody of the child and awarded the husband standard visitation; it ordered the husband to pay $411 monthly child support and to maintain medical insurance for the child and life insurance on his life for the benefit of the child; and it held the father responsible for the child's college education. Further, the court made each party responsible for half of the child's noncovered medical expenses, distributed the parties' various items and debts, and awarded the wife the marital home. The court denied the husband's motion to alter, amend, or vacate the judgment. The husband appealed.
Initially we note that when, as in the present case, the trial court's judgment is based on ore tenus evidence, that judgment is presumed correct and is not subject to reversal unless it is so unsupported by the evidence that it is plainly and palpably wrong. Kent v. Kent, 587 So.2d 409 (Ala.Civ.App. 1991).
The husband claims that the trial court's grant of post-minority support for the child's college education was premature and, thus, that the court abused its discretion in ordering him to pay that support because, he argues, the court could not have considered the primary relevant factors as required by Ex parte Bayliss, 550 So.2d 986 (Ala. 1989). InBayliss, our supreme court held that in determining whether to make an award for post-minority educational support, the trial court "shall consider all relevant factors that shall appear reasonable and necessary, including primarily the financial resources of the parents and the child and the child's commitment to, and aptitude for, the requested education." Id.
at 987.
The trial court ordered the husband to provide "4 years of undergraduate education for the child provided that the child maintains reasonable academic standards," and it ordered that "[t]he [husband's] obligation shall include the responsibility to pay for tuition, room and board, fees, and books." At the time of this award, the child was under 2 years old.
When the child is not yet of college age, this court has held an award of post-minority support to be premature and without evidentiary basis and has reversed such an award. SeeMartin v. Martin, 624 So.2d 192 (Ala.Civ.App. 1993); Berry v.Berry, 579 So.2d 654 *Page 1274 
(Ala.Civ.App. 1991). Clearly, in this case, there could not have been any evidence presented to demonstrate the child's commitment to, aptitude for, or desire for a college education or the child's estimated expenses for a college education. Although the court found that the parties had placed a high emphasis on education, an award of post-minority support for a two-year-old child is premature and lacks an evidentiary basis. In the interest of judicial economy, the award may seem proper, since the parties are already before the court, but such an award is premature. See Wells v. McNeal, 646 So.2d 59
(Ala.Civ.App. 1994). Consequently, we reverse that portion of the divorce judgment ordering the husband to pay post-minority educational support.
The husband also contends that the trial court erred in awarding the wife the marital home and the parties' washer, dryer, and refrigerator. The husband argues that the court erred in awarding these items to the wife because she did not request them.
Matters of property division are within the discretion of the trial court and rulings on these matters will not be disturbed except for a palpable abuse of discretion. Ex parte Jackson,567 So.2d 867 (Ala. 1990); Kelley v. Kelley, 579 So.2d 1362
(Ala.Civ.App. 1991).
The home was purchased in 1995 when the parties married. The parties borrowed the purchase price of $28,300 and secured the loan with a mortgage on the home; since 1995 they had made monthly payments of $226. In awarding the wife the home, the trial court also held that she would be solely responsible for the mortgage payment. Further, the court awarded the wife custody of the parties' minor child. Thus, in awarding the wife the home, the court provided a home for the parties' child. The court awarded the husband various items of personal property, such as a television, a stereo, and a computer. Each party was awarded an automobile and was ordered to pay the indebtedness on his or her automobile. The court divided all of the parties' debts and personal belongings. The wife never testified that she did not want the home or the appliances.
The husband places great emphasis on the fact that the trial court did not allow him to continually question the wife regarding whether she "really wanted the home." The trial court has no obligation to distribute the marital estate according to the wishes of the parties, but the court is obligated to make an equitable property division. Craft v. Craft, 647 So.2d 781
(Ala.Civ.App. 1994). The record does not show that the property division is so unsupported by the evidence as to be arbitrary or plainly and palpably wrong; thus, we cannot find an abuse of discretion.
The husband also asserts that the trial court erred in calculating his income for child support purposes. Specifically, he argues, the court, in calculating his gross income, should not have included distributions he received from his employer as part of a profit-sharing plan, because, he claims, the evidence showed that he would not be receiving such distributions in the future.
In accord with Rule 32, Ala. R. Jud. Admin., the trial court must take into account all sources of income of the parents when computing support obligations. The trial court has no discretion in this matter. Rule 32, Ala. R. Jud. Admin.;see Rogers v. Sims, 671 So.2d 714, 716 (Ala.Civ.App. 1995). Pursuant to Rule 32(B)(2)(a), " '[G]ross income' includes income from any source, and includes, but is not limited to, salaries, wages, commissions, bonuses, dividends, . . . [and] interest. . . ." Thus, Rule 32 requires that bonuses be included in one's gross income in determining child support obligations. See Spillers v. Spillers, 707 So.2d 256
(Ala.Civ.App. 1997); Tucker v. Tucker, 681 So.2d 592 (Ala.Civ.App. 1996). Rule 32 further provides, under the heading "Other Income," that "[e]xpense reimbursements or in-kind payments received by a parent in the course of employment . . . shall be counted as income if they are significant and reduce personal living expenses." Rule 32(B)(4). Thus, as recognized by our Supreme Court, the guidelines require the trial court to consider the resources of the parents, and not simply their incomes, in determining child support. Ex parte St. ClairCounty Department *Page 1275 of Human Resources, 612 So.2d 482, 483 (Ala. 1993).
The husband was employed full-time for a building and supply company, earning $8 an hour, and he earned extra income through his membership in the Army Reserve. The evidence established that he earned $16,240.68 in 1995 and had a year-to-date earning of $13,948.95 as of August 1996. The court divided $13,934.95 by 8.75, because the trial was held in late August, and arrived at $1,594 as his monthly earnings.
The husband argued that his monthly earnings should be $1,386 instead of $1,594 and claims that the court should not have included in its calculations $2,481.39 he had received from a profit sharing plan. The husband testified that his employer had cancelled the plan and, thus, that he would not receive any future payments from the plan. Along with his motion to alter, amend, or vacate the judgment, the husband submitted a letter from his employer. The letter stated that the plan had been cancelled; however, the letter further explained that the employees who were presently receiving payments would "receive [their] payment in the same timing, form and amount." Thereafter, the court refused to modify its earlier calculations and stated that it found that the termination of the plan had no effect on the husband's future distributions.
In accordance with Rule 32, the husband's bonuses should be included in calculating his gross income for determining child support obligations. Therefore, the trial court did not err.
Last, the husband contends that the trial court denied him a fair trial. The husband filed a motion for recusal during the proceedings but failed to attach supporting affidavits. The motion was denied and the husband did not seek a writ of mandamus, which would have been the proper method for review of the ruling. The husband contends that he did not have sufficient evidence at the time of his motion; however, he says, after the court denied his motion to alter, amend, or vacate the judgment and his motion for a new trial, the court's bias or prejudice against him became clear. Further, he claims the fact that the trial court failed to correct its obvious errors is proof of clear bias.
This argument is not well taken. The husband failed to establish actual bias or prejudice. Although the trial court made mistakes applying the law and refused to correct those mistakes upon the husband's motion to alter, amend, or vacate the judgment, we find no signs of clear bias or prejudice against the husband. Thus, it does not appear that he was denied a fair trial.
The judgment is affirmed except for that portion awarding post-minority educational support; that portion is reversed and the cause is remanded.
The appellee's request for attorney fees on appeal is denied.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
ROBERTSON, P.J., and YATES, CRAWLEY, and THOMPSON, JJ., concur.