705 A.2d 7

**Denise BROWN**

v.

**Joseph Michael BROWN.**

**No. 1750, Sept. Term, 1997.**

Court of Special Appeals of Maryland.

Jan. 16, 1998.

Joseph B. Spillman and Sandra Barnes, Asst. Attys. Gen. (J. Joseph Curran, Jr., Atty. Gen., on the brief), Baltimore, for Appellant.

Joseph J. Gigliotti, Fulton, for Appellee.

Argued before MURPHY, C.J., MOYLAN, J., and ROBERT C. MURPHY, J. (Ret., Specially Assigned).

ROBERT C. MURPHY, Judge, Specially Assigned.

■ This case presents one question: Does money earned by working overtime constitute "actual income" for purposes of determining child support payments under Maryland Code (1984, 1991 Repl.Vol., 1996 Cum.Supp.) § 12–201(c) of the Family Law Article? We hold that it does.

Denise and Joseph Brown divorced on February 7, 1986. Full custody was awarded to Mrs. Brown [1] (Appellant), and Mr. Brown (Appellee) was ordered to pay child support for the couple's two children. Ten years later, Appellant sought an increase in child support—she was receiving $150.00 per week at that time—to help defray the cost of sending the children to private schools.

At a hearing in August of 1996 in the Circuit Court for Baltimore County, Appellee testified that he had been working as a tractor-trailer driver about 60 hours a week during the previous seven or eight years and about 50 hours a week when he and Appellant separated. Appellee contended that his child support obligations should be calculated on a 40–hour work week and not include the extra hours on the job for which he received time-and-a-half pay. The trial court agreed, saying:

> We have had a Court of Appeals opinion having to do with alimony that indicated it had to be forty hours. We have not had a Court of Appeals opinion dealing with child support. I'm convinced that when the appellate court gets around to it they will say child support is forty hours a week.

The court ordered Appellee's weekly child support payments increased to $162.50. According to Appellant, had the

---

1. Appellant's name is now Denise Braun.

court included Appellee's substantial overtime earnings as "actual income" under the statute, that weekly figure would have risen to $228.00.

The Court of Appeals opinion on alimony to which the trial court referred is *Tracey v. Tracey*, 328 Md. 380, 614 A.2d 590 (1992), which interpreted Title 11 of the Family Law Article, specifically § 11–106, which provides in pertinent part:

(a) *Court to make determination.*—(1) The court shall determine the amount of and the period for an award of alimony.

\* \* \*

(b) *Required considerations.*—In making the determination, the court shall consider all the factors necessary for a fair and equitable award, including:

(1) the ability of the party seeking alimony to be wholly or partly self-supporting;

(2) the time necessary for the party seeking alimony to gain sufficient education or training to enable that party to find suitable employment;

(3) the standard of living that the parties established during their marriage;

(4) the duration of the marriage;

(5) the contributions, monetary and nonmonetary, of each party to the well-being of the family;

(6) the circumstances that contributed to the estrangement of the parties;

(7) the age of each party;

(8) the physical and mental condition of each party;

(9) the ability of the party from whom alimony is sought to meet that party's needs while meeting the needs of the party seeking alimony;

(10) any agreement between the parties; and

(11) the financial needs and financial resources of each party, including:

(i) all income and assets, including property that does not produce income;

(ii) any award made under §§ 8–205 and 8–208 of this article;[2]

(iii) the nature and amount of the financial obligations of each party;  and

(iv) the right of each party to receive retirement benefits.

In *Tracey,* Mr. Tracey wanted money his ex-wife earned in a part-time, second job at McDonald's to be considered when the trial court determined an award of alimony.  The extra job, he contended, obviated the need for alimony.  The trial court had found that Mrs. Tracey's part-time job was "temporary work, in the nature of a stop-gap" between the couple's "final separation and the resolution of their financial affairs upon divorce."  *Tracey v. Tracey, supra,* 328 Md. at 389, 614 A.2d at 595.

In holding that the trial court need not have considered Mrs. Tracey's part-time employment in determining her eligibility for alimony, the Court of Appeals said that "income" in § 11–106(b)(11)(i) meant remuneration "from regular, full-time employment, *i.e.,* money earned during the normal work week as is appropriate to a given occupation."  It observed, 328 Md. at 389, 614 A.2d at 595:

> An undiscriminating inclusion of all income from part-time work held in addition to primary employment may well exaggerate the means available to one spouse, or the other, over the long term.  Part-time work is often tenuous in prospect and short in duration.  To include such income as a matter of course may ultimately result in a false picture of a party's economic self-sufficiency or security.

The case now before us focuses on Title 12 (Child Support) of the Family Law Article, which, in part, pertains to a parent's current income for purposes of fixing the amount of the child support obligation.  The title uses the term "actual

---

**2.**  Sections 8–205 and 8–208 govern respectively monetary awards and awards for the use and possession of the family home.

income," which "means income from any source." Section 12–201(c)(2).

"Actual income" includes:

(i) salaries;

(ii) wages;

(iii) commissions;

(iv) bonuses;

(v) dividend income;

(vi) pension income;

(vii) interest income;

(viii) trust income;

(ix) annuity income;

(x) Social Security benefits;

(xi) workers' compensation benefits;

(xii) unemployment insurance benefits;

(xiii) disability insurance benefits;

(xiv) alimony or maintenance received; and

(xv) expense reimbursements or in-kind payments received by a parent in the course of employment, self-employment, or operation of a business to the extent the reimbursements or payments reduce the parent's personal living expenses.

Section 12–201(c)(3). Depending on the circumstances of a given case, the court may also consider severance pay, capital gains, gifts, or prizes as actual income. Section 12–201(c)(4). The statute does not specifically mention overtime.

Although "wages" is not defined in the Family Law Article, the Labor and Employment Article—Maryland Code (1991 Repl.Vol.)—contains three definitions of "wage." First, § 3–301(c)(1) defines "wage" as "all compensation for employment." A variation appears in § 3–401(e): " 'Wage' means all compensation that is due to an employee for employment." Finally, § 3–501(c) provides:

*Wage.*—(1) "Wage" means all compensation that is due to an employee for employment.

(2) "Wage" includes:

    (i) a bonus;

    (ii) a commission;

    (iii) a fringe benefit; or

    (iv) any other remuneration promised for service.

"The proper starting point in the interpretation of any statute is the plain language of the statute itself." *Tapscott v. State*, 343 Md. 650, 657, 684 A.2d 439, 442 (1996). Since overtime pay constitutes "compensation due to an employee for employment," it is clearly "wages" under § 12–201(c)(3) of the Family Law Article. Therefore, overtime pay is to be considered as actual income when a court fashions an appropriate award of child support.

This result is in harmony with decisions from a number of other jurisdictions. *See, e.g., State ex rel. Smith v. Smith*, 631 So.2d 252, 254–55 (Ala.Civ.App.1993); *In re Marriage of Brown*, 487 N.W.2d 331, 333–34 (Iowa 1992); *Rexroad v. Rexroad*, 186 W.Va. 696, 414 S.E.2d 457, 459–460 (1992). Appellee notes that the Court of Appeals in *Tracey v. Tracey, supra*, 328 Md. at 390, 614 A.2d at 595, quoted part of a Nebraska Supreme Court decision—*Stuczynski v. Stuczynski*, 238 Neb. 368, 471 N.W.2d 122, 126 (1991)—which held that a husband's income from two jobs could not be used for alimony and child support purposes despite statutory guidelines mandating consideration of income from all sources. Yet even *Stuczynski* supports the result we reach in the case at bar, as the Nebraska court observed:

> We believe it is appropriate to consider overtime wages in setting child support and alimony payments if the overtime is a regular part of the employment and the employee can actually expect to earn regularly a certain amount of income for working overtime.

471 N.W.2d at 126. See also, *Lebrato v. Lebrato*, 3 Neb.App. 505, 529 N.W.2d 90, 97–98 (1995) (applying *Stuczynski*, court approves use of overtime income in child support calculations, noting that overtime was a regular part of father's earnings for at least four years). In fact, *Tracey* specifically noted that

Mr. Tracey "earned, with overtime, $57,973.25 in wages" during 1989. 328 Md. at 382, 614 A.2d. at 592.

Decisions that bring overtime pay into child support calculations stress that this additional income must not be speculative or uncertain. Rather, the overtime must be a regular part of the parent's employment. *See,* "Consideration of Obligated Spouse's Earnings from Overtime or 'Second Job' Held in Addition to Regular Full–Time Employment in Fixing Alimony or Child Support Awards," 17 A.L.R.5th 143, § 3 (1994); *Smith v. Smith, supra,* 631 So.2d at 255 (trial court abused its discretion "in determining the father's child support obligation without considering his substantial and continuing 'overtime' income, which based upon the evidence in this case is neither speculative nor uncertain."); *In re Marriage of Brown, supra,* 487 N.W.2d at 334 ("Larry's overtime has been consistent, will be consistent, and is somewhat voluntary. His overtime pay is not an anomaly or speculative."); *Justis v. Justis,* 384 N.W.2d 885, 890–91 (Minn.App.1986) (father's "overtime has been a regular, steady source of income for the past several years."); *Rexroad v. Rexroad, supra,* 414 S.E.2d at 459 ("Other jurisdictions that have had occasion to consider overtime pay have concluded that where it is obtained with some degree of regularity, it should be considered in determining the total employment earnings for purposes of both alimony and child support.").

■ Appellee in the case now before us has consistently worked substantial overtime for more than seven years. Even before he and his wife separated, he averaged 50 hours a week on the job. Therefore, his current overtime income, averaged on a monthly basis, is to be considered when calculating his child support obligation. If circumstances change, and Appellee no longer earns at the level he has over the years, he can seek a modification of the court's order.

**JUDGMENT REVERSED. CASE REMANDED TO THE CIRCUIT COURT FOR BALTIMORE COUNTY FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. APPELLEE TO PAY COSTS.**