[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 503 
On September 28, 2005, Joseph R. Arnold ("the husband") filed a complaint seeking a divorce from Lori B. Arnold ("the wife"). The wife answered and counterclaimed for a divorce; the wife also sought custody of the parties' minor child. In their complaints, the parties each alleged that they had had a common-law marriage before their April 5, 1996, marriage ceremony. Both parties later disputed the length of that purported common-law marriage.
During the pendency of this matter, the parties stipulated as to a number of issues, including the award of custody of the child to the wife and other issues pertaining to the child. Thereafter, the trial court conducted a hearing at which it received ore tenus evidence. On May 16, 2006, the trial court entered a divorce judgment incorporating the parties' stipulations and resolving the issues upon which the parties' had failed to reach an agreement. The divorce judgment divided the parties property and, among other things, awarded the wife "temporary alimony" of $400 per month for one year. In addition, the trial court ordered the husband to pay $709.12 per month in child support, awarded the husband *Page 504 
the right to claim the child as a dependent for income-tax purposes, and required the husband to provide health insurance for the benefit of the child.
The wife filed a postjudgment motion, and the husband filed an opposition to that motion and a "counter" postjudgment motion. On July 24, 2006, the trial court entered a postjudgment order altering the alimony provision of the divorce judgment to award the wife $750 per month in alimony for a period of three years. The wife timely appealed, and the husband timely cross-appealed.
The parties were first married in 1991, and they divorced in 1993. The parties resumed and then ended their romantic relationship several times after their divorce. The wife became pregnant with the parties' child in 1995, and the child was born on March 20, 1996. The parties' second marriage ceremony took place on April 5, 1996.
Much of the parties' testimony was dedicated to their dispute regarding the length of their purported common-law marriage. The wife attempted to demonstrate that the parties had been common-law married before September 1995, approximately seven months before their ceremonial marriage. The husband maintained that the parties' common-law marriage that preceded their ceremonial marriage dated back only to March 20, 1996, the date the parties' child was born.
The parties each submitted a CS-41 child-support income affidavit as required by Rule 32, Ala. R. Jud. Admin. The wife's CS-41 form indicated that her monthly gross income was $2,332.88. We note that in her testimony the wife answered in the affirmative the question whether her income affidavit indicated that she earned $2,339 per month. The reason for the slight discrepancy in the evidence regarding the wife's gross monthly income is not explained in the record on appeal.
The parties disputed the amount of the husband's income. The husband submitted a CS-41 form indicating that his gross monthly income from his employment with the Federal Aviation Administration was $8,413; that amount corresponds to the amount of the husband's 2006 "base" salary. The wife presented evidence indicating that the husband has consistently received income in excess of his base salary. The husband referred to the income he received in addition to his base salary as "differential" income. The wife presented evidence indicating that the husband earned an average of approximately $540 per month in differential income in 2004, approximately $630 per month in differential income in 2005, and approximately $1,500 per month in differential income for 2006 to the date of the May 2006 hearing.
The husband offered his testimony that he believed his differential income might decrease or end in the future. The wife objected to that testimony as speculative, but the trial court overruled her objection. Thereafter, the husband testified:
 "[I]f Congress has it before them and if it is the last best offer from the [Federal Aviation Administration] then we will start to lose part of our differentials, the premium pays that we get on top of the flat salary will be reduced as well and if we are ever combined to another facility we stand a chance to take a possible significant drop in pay."
The parties also presented evidence indicating that the cost of after-school care for the child was $42 per week and that the husband typically paid that obligation to the child-care facility. The husband testified that the cost of providing the family or dependent health-insurance coverage available through his employer was $135.59 bi-weekly. *Page 505 
In calculating child support, the trial court determined the husband's gross monthly income to be $8,413, and the wife's gross monthly income to be $2,332.88, for a total combined gross monthly income, as determined by the trial court, of $10,745.88.[1] Thus, the parties' combined gross monthly income exceeds the uppermost limit of the Rule 32, Ala. R. Jud. Admin., schedule for calculating basic child-support obligations. Although the parties' combined gross monthly income exceeded the uppermost limit of the child-support schedule contained in Rule 32, Ala. R. Jud. Admin., the trial court calculated child support by applying the basic child-support obligation found in the child-support schedule for parents with a combined monthly income of $10,000. Additionally, the trial court included the cost of health insurance into its calculation of the husband's child-support obligation, but it did not include the cost of the child's after-school care.
In her appeal, the wife argues, among other things, that the trial court erred in allowing the husband's testimony, which is quoted earlier in this opinion, that his differential pay might decrease in the future. "The trial court's decision to admit the testimony will not be disturbed on appeal except for an abuse of discretion." Attalla Golf Country Club, Inc.v. Harris 601 So.2d 965, 969 (Ala. 1992). In his testimony, the husband indicated that if certain actions occurred as a result of Congressional debate, there was a possibility that his differential pay could be affected. Although we agree with the wife that the husband's testimony on the issue of his differential pay was speculative, we do not necessarily agree that the testimony was inadmissible. Accordingly, we cannot say that the trial court erred in admitting the testimony.
However, the speculative nature of the husband's testimony regarding his differential pay does affect the weight that testimony should be afforded. It is clear that the trial court relied on the husband's testimony regarding his differential pay in determining the husband's gross monthly income because the trial court failed to include any amount of differential pay in determining the husband's gross monthly income. For the purpose of determining child support, "gross income" is defined as
 "income from any source, [which] includes, but is not limited to, salaries, wages, commissions, bonuses, dividends, severance pay, pensions, interests, trusts, annuities, capital gains, Social Security benefits, workers' compensation benefits, unemployment insurance benefits, disability insurance benefits, gifts, prizes, and preexisting periodic alimony."
Rule 32(B)(2)(a), Ala. R. Jud. Admin. Consistent with that definition, this court has held that "the trial courtmust take into account all sources of income of the parents when computing support obligations." Masseyv. Massey, 706 So.2d 1272, 1274 (Ala.Civ.App. 1997) (emphasis added). Income such as the husband's differential pay, "to the extent that such income is sufficiently substantial and continuing and . . . can be accurately determined," must be included in determining a party's gross income for the purposes of determining child support. Stateex rel. Smith v. Smith, 631 So.2d 252, 255
(Ala.Civ.App. 1993). The trial court does not have the discretion to disregard a source *Page 506 
of income in determining a parent's gross monthly income for the purposes of determining child support. Massey v.Massey, supra; Rogers v. Sims, 671 So.2d 714, 716
(Ala.Civ.App. 1995).
In Simmons v. Simmons, 600 So.2d 305, 306
(Ala.Civ.App. 1992), this court reversed a judgment modifying child support when the father had presented evidence indicating that his income would decrease in the future. In that case, the father had presented a memorandum from his employer indicating that, at some point in the future, the employer would no longer offer the opportunity to earn overtime pay. Based on that evidence, the trial court reduced the father's child-support obligation. This court concluded that the modification judgment was "based on a mere supposition that the father's income `may' be decreased at a future date." Simmons v. Simmons,600 So.2d at 306.
In this case, the record indicates that the husband earned substantial differential pay in the years preceding the hearing in this matter. The husband testified that, assuming certain contingencies occurred, his income from differential paymight decrease in the future. The husband presented no evidence indicating that at the time of the hearing any of those contingencies had occurred or that his income, including differential pay, had in fact decreased.
The husband's differential pay constitutes income that must be included in a determination of his gross income. See
Rule 32(B)(2)(a), Ala. R. Jud. Admin.; Massey v.Massey, supra. The husband's testimony that his differential pay might decrease in the future was speculative in nature; that testimony constituted "mere supposition" that his income "might" be reduced in the future. See Simmons v.Simmons, 600 So.2d at 306. We conclude that the trial court's failure to consider the husband's differential pay in determining the husband's gross monthly income for the purpose of calculating child support constituted an abuse of the trial court's discretion. State ex rel. Smith v. Smith, supra. Accordingly, we reverse the trial court's judgment as to child support and remand the case for the trial court to properly determine the husband's gross income and to establish an appropriate award of child support. Stinson v.Stinson, 729 So.2d 864, 866 (Ala.Civ.App. 1998) ("Because the trial court did not include the father's bonuses as income in calculating the father's child support obligation, we must reverse the judgment and remand the cause for a recomputation of the amount of child support due . . . when all of the father's income is counted."); State ex rel. Smith v.Smith, supra.
With regard to the issue of child-support, the wife also asserts that the trial court erred in failing to include in its child-support calculations the cost of after-school care for the child. See Rule 32(B)(8), Ala. R. Jud. Admin. ("Child care costs . . . shall be added to the `basic child support obligation.'" (emphasis added)). The wife also argues that the trial court erred in including in its calculation of child support the entire cost of the health-insurance premium the husband pays for dependent or family health-insurance coverage. She contends that only the difference between the cost of dependent coverage and the cost of insuring the husband alone should be included in the determination of the husband's child-support obligation. In making that argument, the wife advocates the reversal of caselaw precedent that has interpreted the child-support guidelines as requiring the inclusion of the total cost of the insurance premium for family or dependent coverage. See,e.g., Marshall v. Marshall, 891 So.2d 883 (Ala.Civ.App. 2004); Fell v. Fell, 869 So.2d 486 *Page 507 
(Ala.Civ.App. 2003); and Brown v. Brown, 719 So.2d 228
(Ala.Civ.App. 1998). For the following reasons, however, we do not reach those issues.
The manner in which the trial court reached its child-support determination in this case is unusual. Although the parties' combined gross monthly income exceeded the uppermost limit of the Rule 32 child-support guidelines schedule, the trial court utilized that schedule as if the parties' combined income did not exceed its limit. As already discussed in this opinion, we are reversing the trial court's judgment as to child support based on its failure to include the husband's differential pay in its determination of his gross income. On remand, when the trial court includes the husband's differential pay in determining the husband's gross income, the parties' combined gross monthly income will exceed the $10,000 uppermost limit of the child-support schedule by a greater amount than originally determined by the trial court.
The Comment to Rule 32 states that "[w]here the combined adjusted gross income exceeds the uppermost limit of the schedule, the amount of child support should not be extrapolated from the figures given in the schedule, but should be left to the discretion of the court." When the parties' combined income exceeds the uppermost limit of the child-support schedule, the determination of a child-support obligation is within the trial court's discretion. Floyd v.Abercrombie, 816 So.2d 1051, 1057 (Ala.Civ.App. 2001);Dyas v. Dyas, 683 So.2d 971 (Ala.Civ.App. 1995). "[A] trial court's discretion is not unbridled and . . . the amount of child support awarded must relate to the reasonable and necessary needs of the children as well as to the ability of the obligor to pay for those needs." Dyas v. Dyas,683 So.2d at 973.
In this case, the parties' combined gross monthly income renders the utilization of the child-support schedule inappropriate. See Comment, Rule 32, supra. Therefore, on remand, in determining the husband's child-support obligation, the trial court is to consider the needs of the child and the parents' ability to pay in determining child support. Dyas v. Dyas, supra. The cost of health insurance and after-school care are certainly factors for the trial court to consider in determining an appropriate level of child support even when the child-support schedule does not govern the child-support determination.
With regard to the issue of child support, the wife also contends that the trial court erred in including in its judgment a provision requiring the parties to be equally responsible for the cost of any noncovered medical expenses for the child. The wife argues that the parties' stipulations included a provision requiring the husband to pay 80% of the noncovered medical expenses for the child. The trial court's divorce judgment specifically states that it incorporated the parties' stipulations. Accordingly, the two provisions in the divorce judgment pertaining to noncovered medical expenses conflict. On remand, the trial court is instructed to resolve that conflict. See Hall v. Hall, 895 So.2d 299, 305
(Ala.Civ.App. 2004) (reversing a judgment that contained inconsistent provisions for a clarification of the trial court's intent); Shipp v. Shipp, 435 So.2d 1298, 1299
(Ala.Civ.App. 1983) (concluding a provision of a judgment was ambiguous and reversing "because of the uncertainty of the intent" of that provision).
The wife also argues that the trial court erred in awarding the dependency deduction for income-tax purposes to the husband rather than to her. Because we are reversing the judgment as to child support on other grounds and remanding this case *Page 508 
for the trial court to recalculate child support, we need not resolve whether the award of the income-tax deduction to the husband was also error. The award of the income-tax dependency deduction is one of the factors the trial court must consider in fashioning a child-support award on remand.
In his cross-appeal of the trial court's divorce judgment, the husband challenges the trial court's award of periodic alimony to the wife. The husband asserts several arguments with regard to the issue of the award of alimony. However, at least two of those arguments are not properly supported by citations to authority, and, therefore, we decline to address them.McLemore v. Fleming, 604 So.2d 353 (Ala. 1992).
The husband properly supported his argument that the trial court improperly considered his retirement benefits as a source of income in ordering him to pay periodic alimony. Section 30-2-51(b), Ala. Code 1975, allows a trial court to consider a spouse's retirement benefits as part of that spouse's estate in fashioning a property division pursuant to a divorce. However, § 30-2-51 (b)(1) limits the consideration of those retirement benefits as an asset possibly subject to division to situations in which the parties were married for at least a period of 10 years. This court has held that "the most workable and fair interpretation of § 30-2-51(b) is that the duration of the parties' marriage should be measured by the date of the filing of the complaint for divorce." Smith v.Smith, 836 So.2d 893, 900 (Ala.Civ.App. 2002).
In this case, the parties' marriage ceremony occurred in April 1996, approximately nine and a half years before the time the husband filed his complaint seeking a divorce. The parties each asserted that they had been common-law married before their April 5, 1996, marriage ceremony. In order to support her claim for the division of the husband's retirement benefits, the wife attempted to demonstrate that the parties had been common-law married before September 1995 in order to establish that the parties had been married for 10 years at the time the husband filed his September 2005 complaint for a divorce.[2] As previously mentioned, the husband contended that the parties had been common-law married for only a few weeks before their ceremonial marriage.
"[T]here are common elements which must be present, either explicitly expressed or implicitly inferred from the circumstances, in order for a common-law marriage to exist. Those elements are: 1) capacity, 2) present, mutual agreement to permanently enter the marriage relationship to the exclusion of all other relationships; and 3) public recognition of the relationship as a marriage and public assumption of marital duties and cohabitation." Boswell v. Boswell,497 So.2d 479, 480 (Ala. 1986). Neither party in this case presented any evidence regarding the third element, that of public recognition of the purported common-law marriage. We presume that the trial court disregarded the length of any purported common-law marriage between the parties in determining the length of the parties' marriage. Ex parte Atchley,936 So.2d 513, 516 (Ala. 2006) ("We presume that trial court judges know and follow the law."). Accordingly, at least with regard to this most-recent marriage, the retirement benefits of the parties are not subject to division in this divorce. *Page 509 
The husband insists that in spite of the fact that the parties were not married long enough to implicate the provisions of § 30-2-51, the trial court considered his retirement benefits in awarding periodic alimony to the wife. The husband asserts that the wife argued in her postjudgment motion that his retirement benefits were subject to division, and that, in its postjudgment order, the trial court increased the award of periodic alimony. We conclude, however, that the husband has failed to demonstrate error with regard to this issue.
The husband relies on Smith v. Smith, 866 So.2d 588
(Ala.Civ.App. 2003) (Crawley, J., with four judges concurring in the result), in which this court concluded that a retirement account may not be considered as a source of income from which to pay periodic alimony if the retirement-account holder is not currently receiving benefits from that account. In remanding the case to the trial court to reconsider its alimony award to ensure that that award was consistent with the foregoing, the lead opinion instructed the trial court as follows:
 "If the court determines that the wife needs support from the husband and that the husband is able to pay such support from his current income, then it may award the wife alimony. The court may not, however, consider the husband's retirement accounts as sources of income from which to pay periodic alimony."
Smith v. Smith, 866 So.2d at 592-93.
In this case, the record does not indicate that the trial court considered the husband's retirement benefits in modifying the award of periodic alimony to the wife, and the wife made other arguments[3] in support of her contention that the periodic-alimony award should be increased. It is clear that the parties were not married for the requisite number of years to implicate the application of § 30-2-51(b), and the trial court is presumed to know the law. Ex parte Atchley, supra; Carter v. Carter, 666 So.2d 28
(Ala.Civ.App. 1995). The trial court could have reconsidered its property division and alimony award in light of the other arguments asserted by the wife.
The issues of property division and alimony must be considered together. "`[A] property division and the [award of] periodic alimony are interrelated, and the entire judgment must be considered in determining whether the trial court abused its discretion as to either issue.'" Albertson v.Albertson, 678 So.2d 118, 120 (Ala.Civ.App. 1995) (quotingMontgomery v. Montgomery, 519 So.2d 525, 526
(Ala.Civ.App. 1987)). See also Ex parte Foley, 864 So.2d 1094,1097 (Ala. 2003); Pate v. Pate, 849 So.2d 972, 976
(Ala.Civ.App. 2002); and Parrish v. Parrish,617 So.2d 1036 (Ala.Civ.App. 1993). The husband has made no argument to this court with regard to the property division and alimony award as a whole. In other words, the husband has not attempted to demonstrate that the only manner in which the trial court could have equitably awarded the wife additional periodic alimony was if it had considered the husband's retirement benefits. The husband has failed to demonstrate error with regard to this issue.
The other issue the husband properly raises in his brief on appeal pertains to his assertion that the award of an attorney fee to the wife's attorney was *Page 510 
excessive. "It is well settled that the award of an attorney fee in a divorce action is a matter within the sound discretion of the trial court." Walls v. Walls,860 So.2d 352, 359 (Ala.Civ.App. 2003).
 "In arriving at the value of the legal services the trial court may properly consider the following: (1) the nature and value of the subject matter of employment; (2) the learning, skill and labor necessary to the proper discharge of that employment; (3) the time consumed on the matter in dispute; (4) the professional ability, experience and reputation of the party performing the services; (5) the weight of his responsibility; (6) the measure of success achieved; (7) any reasonable expenses incurred in the representation of a client; and (8) the fee customarily charged in the locality for similar legal services. ABA Code of Professional Responsibility, DR 2-106(B) (1972). Moreover, the trial court in determining a reasonable attorney's fee may, along with the opinion evidence of experts on the subject of fees, rely on its own knowledge and experience as to the value of the services performed. Burgess v. Burgess, 54 Ala.App. 396, 309 So.2d 107 (1974). Likewise, the earning capacity of the parties may also be deemed a matter for consideration in establishing the amount of money an attorney is entitled to for his services. Burgess v. Burgess, supra.
 "As a general rule the amount of [an] attorney's fee to be awarded always rests within the sound discretion of the trial court and the court's judgment as to the amount of the attorney's fee will not be reversed by this court unless it is clearly shown that the trial court abused its discretion. Burgess v. Burgess, supra."
Rosser v. Rosser, 355 So.2d 717, 721
(Ala.Civ.App. 1977).
In this case, the wife's attorney submitted an affidavit detailing his activity on behalf of the wife; that affidavit indicated that until the date of trial, the attorney had worked on the case for 28.45 hours at a rate of $200 per hour, which results in a total fee, without considering the time spent at the hearing, of $5,690. In addition, the attorney presented evidence indicating that he had expended approximately $400 in obtaining a copy of the husband's deposition. Although it is clear that the hearing in this matter was conducted in less than one day, the record does not indicate the exact length of the hearing; in his response to the wife's postjudgment motion, and again in his brief on appeal, the husband asserted that the hearing lasted "only a matter of hours." In its judgment, the trial court awarded the wife's attorney an attorney fee in the amount of $5,000.
In arguing that the attorney-fee award was excessive, the husband contends that the parties entered into a partial settlement agreement with regard to some issues and that the wife needlessly complicated the litigation with her claim seeking an award of his retirement benefits based on her common-law marriage argument. However, the fact that a party does not prevail on a claim or argument does not necessarily render it meritless. Further, the trial court had before it the attorney's affidavit setting forth the explanations of the legal work performed on behalf of the wife. The trial court did not award the attorney the full amount of the fee requested. "The trial court is given much discretion in determining an appropriate award of attorney fees because of its `own knowledge and experience as to the value of the legal services performed.'" Creel v. Creel, 871 So.2d 827, 830
(Ala.Civ.App. 2002) (quoting Hammond v. Hammond,500 So.2d 27, 29 (Ala.Civ.App. 1986)); *Page 511 Rosser v. Rosser, supra. Given the discretion afforded the trial court and the facts of this case, we cannot say that the trial court erred in reaching its attorney-fee award.
We reverse that part of the trial court's judgment pertaining to child support, and, on remand, the trial court is instructed to enter a child-support determination consistent with the principles set forth in this opinion. The judgment is affirmed with regard to the issues raised in the husband's cross-appeal.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
PITTMAN and THOMAS, JJ., concur.
MOORE, J., concurs in the result, without writing.
BRYAN, J., dissents, without writing.
[1] It is not clear who prepared the CS-42 child-support guidelines form contained in the record on appeal. However, because it is clear that the trial court used the amount indicated on that form as its child-support determination, we refer to the form as being completed by the trial court.
[2] The wife makes no argument that the length of the parties' first marriage should be included in determining whether she can assert a claim under § 30-2-51(b), and this court does not address that issue.
[3] The wife also contended that the initial award of alimony demonstrated that the trial court agreed with her that the husband could pay, and that she needed, periodic alimony; that the amount of alimony awarded was in sufficient to assist her in meeting her monthly expenses; and that the husband had and could increase his ability to pay alimony by decreasing the amount of his monthly voluntary contributions to his retirement account.