THOMPSON, Presiding Judge.
Beatriz Helena Leal Abril (“the wife”) appeals from a judgment of the Pike Circuit Court (“the trial court”) divorcing her from Gregory Wade Mobley (“the husband”) and ordering the husband to pay child support. The trial court also ordered the husband to pay the wife rehabilitative periodic alimony in the sum of $1,000 per month for 36 months.
The record indicates the following relevant facts. At the time of the trial on September 26, 2013, the husband was employed in Afghanistan as a licensed aircraft mechanic for DynCorp, and his gross income was approximately $20,000 per month. The husband testified that his contract with DynCorp would end on November 2, 2013, and that he was not going to renew his contract because, he said, he was planning to return to the United States to help take care of his ailing mother. The husband testified that he had already tendered his resignation with Dyn-Corp and that he would not be returning to Afghanistan after his contract expired. The husband further testified that he expected to be able to earn between $16 and $25 per hour working as an aircraft mechanic in the United States.
Based on the husband’s testimony, in its October 18, 2013, judgment, the trial court found that it would be “manifestly unjust” to base the husband’s child-support obligation on the income the husband was currently earning as a contract worker in Afghanistan and instead based the husband’s child-support obligation on his ability to earn an estimated $25 per hour for a 40-hour week. The trial court noted that the husband’s child-support obligation could be recalculated “should the husband return to work as a contract worker overseas.”
On November 15, 2013, the wife filed with the trial court a motion for a new trial or, in the alternative, to alter, amend, or vacate the October 18, 2013, judgment. The trial court held a hearing on February 19, 2014. However, after the hearing, the trial court determined that it no longer had jurisdiction, noting that the wife’s motion had been denied by operation of law because it had not been ruled on within 90 days. See Rule 59.1, Ala. R. Civ. P. The wife timely appealed the trial court’s judg-‘ ment.
The wife contends that the trial court erred in making its determination of child support because, she said, the level of income attributed to the husband is contrary to the evidence. She contends that the evidence shows that, at the time of the trial, the husband was making approximately $20,000 per month and that the trial court should have based the husband’s child-support obligation on that in *699 come, as opposed to basing the obligation on the amount the husband speculated he would earn when he returned to work in the United States.
Our standard for reviewing matters related to child support is well settled.
‘“Matters related to child support, including modifications of a child-support order, rest soundly within the trial court’s discretion and will not be disturbed on appeal, absent a showing that the ruling is not supported by the evidence and, thus, is plainly and palpably wrong. Berryhill v. Reeves, 705 So.2d 505 (Ala.Civ.App.1997); Williams v. Braddy, 689 So.2d 154 (Ala.Civ.App.1996).’ ”
Patterson v. Askew, 122 So.3d 844, 845 (Ala.Civ.App.2013) (quoting West v. West, 875 So.2d 323, 324 (Ala.Civ.App.2003)). In this case, it appears that the trial court calculated the husband’s child-support obligation based on the husband’s testimony that he would not be returning to Afghanistan after November 2, 2013, and that he expected to earn only up to $25 per hour in the United States. However, this qourt has reversed a trial court’s modification of child support on the basis that the trial court’s judgment was premised “on a mere supposition that the father’s income ‘may’ be decreased at a future date.” Simmons v. Simmons, 600 So.2d 305, 306 (Ala.Civ.App.1992). The father in Simmons requested a reduction in child support based on the fact that he had heard that his company was planning to cut overtime work completely. However, at the time of the hearing, the alleged overtime cuts had yet to occur, and the father failed to offer any other evidence indicating that his income had decreased. We held that the trial court had erred in reducing the father’s child-support obligation based on that evidence. Id. at 306. See also Morrison v. Kirkland, 567 So.2d 363, 364 (Ala.Civ.App.1990) (holding that a trial court making a child-support determination is limited by the obligor parent’s present ability to pay); and Forlini v. Forlini, 455 So.2d 855, 857 (Ala.Civ.App.1983)(holding that there is no authority for basing a child-support order upon any criteria other than the obligor’s present ability to pay), reversed on other grounds, Ex parte Forlini-Parsons, 455 So.2d 858 (Ala.1984).
Similarly, the husband in the present case testified that he did not intend to return to Afghanistan after November 2, 2013, a date approximately five weeks after the date of the trial. However, at the time of the trial, the husband was still employed in Afghanistan and earning an income of $20,000 per month. Much like the father in Simmons, the husband presented no evidence indicating that his income had actually decreased. The husband testified that he planned to leave his job after November 2, 2013, and that he anticipated that he would obtain a job earning $16 to $25 an hour. However, such testimony is speculative. Therefore, we hold that the trial court’s order of child support based on the husband’s anticipated future income in the United States was not supported by the evidence and was too speculative to be the basis of its child-support calculation. “The court is bound by the legal evidence or lack of it. It is not free to speculate as to the ability of the husband to pay.” Alford v. Alford, 368 So.2d 295, 298 (Ala.Civ.App.1979). In Simmons, the father’s expectation that his income might decrease in the future was not sufficient to warrant a reduction in child support, and we similarly see no reason why such speculation should be a sufficient foundation for an initial child-support judgment.
Accordingly, we reverse that portion of the judgment establishing the husband’s child-support obligation and remand the cause for the trial court to reconsider child *700 support in accordance with the evidence as to the husband’s income at the time of the trial and in compliance with Rule 32, Ala. R. Jud. Admin. In reversing the trial court’s decision, we note that a determination of child support is never res judicata and may be modified at any point in the future due to changed circumstances. Conradi v. Conradi 567 So.2d 364 (Ala.Civ.App.1990). Therefore, if the husband does in fact return from Afghanistan and finds employment in the United States, he may then petition the court for a modification of his child-support obligation to more accurately reflect his actual level of income.
The wife also contends that the trial court’s failure to divide what she says is marital property and its award of rehabilitative alimony result in an inequitable outcome. Our standard when reviewing a trial court’s award of alimony and division of property has been well established:
“A trial court’s determination as to alimony and the division of property following an ore tenus presentation of the evidence is presumed correct. Parrish v. Parrish, 617 So.2d 1036 (Ala.Civ.App.1993). Moreover, issues of alimony and property division must be considered together, and the trial court’s judgment will not be disturbed absent a finding that it is unsupported by the evidence so as to amount to an abuse of discretion. Id.”
Morgan v. Morgan, 686 So.2d 308, 310 (Ala.Civ.App.1996). Although a trial court’s determination as to alimony and the division of property is presumed correct, that determination is still subject to appellate review. Moody v. Moody, 641 So.2d 818 (Ala.Civ.App.1994).
In this case, both parties submitted to the trial court lists of property for division. The wife’s list included the following property, which she indicated might be titled in the husband’s name, in the husband’s mother’s name, or jointly between the parties: cash, bank accounts, certificates of deposit, retirement and investment accounts, stocks and bonds, real estate, and any other property disclosed by discovery requests. The husband’s list included the following property: a house located in Colombia, an automobile, and profits from the sale of jewelry that he purchased and the wife sold. The trial court’s judgment awarded each party the automobile in his or her possession. The trial court also noted that, although it found that the wife owned an interest in an office building in Colombia, it had received no evidence indicating that the office building was used for the common benefit of the marriage. The trial court’s judgment made no mention of any other property. The only other part of the judgment that can be read as a reference to property is the final sentence, which states: “Any other relief requested but not granted is hereby denied.” As to the other property at issue, the judgment provides no explicit determination identifying which property was each spouse’s separate property and which property was marital property subject to division. Thus, we cannot conduct a meaningful review as to whether the marital property, if any, was divided equitably.
Regarding alimony, the trial court’s judgment awarded the wife “rehabilitative periodic alimony in the sum of $1,000 per month for a period of 36 months.” “The purpose of rehabilitative alimony, which has been described by this court as a subclass of periodic alimony, is to allow a spouse to begin or resume supporting himself or herself.” Santiago v. Santiago, 122 So.3d 1270, 1279 (Ala.Civ.App.2013) (holding that a judgment awarding a wife monthly periodic alimony in the amount of $1,000 for five years was in the nature of rehabilitative alimony). On the other hand, the purpose of periodic alimo *701 ny “is to support the former dependent spouse and enable that spouse, to the extent possible, to maintain the status that the parties had enjoyed during the marriage, until that spouse is self-supporting or maintaining a lifestyle or status similar to the one enjoyed during the marriage.” O’Neal v. O’Neal, 678 So.2d 161, 164 (Ala.Civ.App.1996).
As part of this argument, the wife asserts that the trial court erred in “only awarding her] temporary alimony.” When making a decision to award alimony, a trial court may consider several factors, including the parties’ present and future earning capacities and the value and type of marital property. Alfred v. Alfred, 89 So.3d 786, 789 (Ala.Civ.App.2012). However, we do not need to address whether the trial court’s award of rehabilitative alimony or whether the amount of that alimony' constitutes an abuse of discretion. “[B]ecause property-division and alimony awards are considered to be interrelated, we often reverse both aspects of the trial court’s judgment so that it may consider the entire award again upon remand.” Redden v. Redden, 44 So.3d 508, 513 (Ala.Civ.App.2009). Accordingly, we reverse the property-division and alimony provisions of the judgment and remand the cause to the trial court to make a determination as to the nature of the parties’ property, to make an equitable distribution of the marital property, and to revisit its award of rehabilitative alimony in light of that distribution.
Finally, the wife contends that the level of income the trial court imputed to her for the purpose of determining child support is not supported by the evidence. On remand, the trial court will have the opportunity to recalculate the husband’s child-support obligation based on his income at the time of trial of over $20,000 per month. Because the husband’s income at the time of trial exceeded $20,000 per month, the child-support guidelines will not be applicable, and the child-support award will be at the trial court’s discretion. Rule 32(C)(1), Ala. R. Jud. Admin. Therefore, we pretermit discussion of the propriety of the amount of income the trial court imputed to the wife.
For the reasons set forth in this opinion, we reverse the judgment regarding the division of property, the award of alimony, and the husband’s child-support obligation, and we remand the cause for the trial court to enter a judgment consistent with this opinion.
REVERSED. AND REMANDED WITH INSTRUCTIONS.
PITTMAN, THOMAS, MOORE, and DONALDSON, JJ., concur.