The husband petitioned the Circuit Court of Jefferson County to modify certain visitation privileges. The circuit court effectuated a modification. However, the husband appeals, contending the trial court abused its discretion. We find no such abuse of discretion as to require reversal.
Viewing the record with the attendant presumptions accorded the trial court's decree, the following is pertinently revealed: The parties were divorced in 1978. The wife was awarded custody of the parties' minor child. The husband was required to pay $200 per month as child support. In addition, the husband was awarded the following visitation privileges with the child: "reasonable rights of visitation," including alternate weekends and appropriate holidays; appropriate period of time at the time of the child's birthday; approximately one week during the Christmas holidays.
At the time of the divorce, all parties resided in Jefferson County. It appears that while all parties lived in Jefferson County, the visitation arrangement, as stated above, was satisfactory. Thereafter, the wife remarried and moved to Colorado. After the wife moved to Colorado, the husband, from June of 1979 to April of 1980, *Page 243 
visited with the child on three separate occasions. One of these visits was for two weeks.
As indicated, the husband petitioned to modify the decree as it related to visitation. After an ore tenus hearing, the trial court did grant a modification. Specifically, the trial judge granted the following visitation rights:
 A. Six (6) weeks during each summer at a time to be selected by the Defendant [husband], provided, however, that he shall have mailed by registered mail a written notice to the Plaintiff of the dates of his intended visitation at least thirty days prior to such visitation.
 B. One week each Christmas beginning on December 26th.
C. Four days of each Spring School Holiday.
 D. Any other times the Defendant is in the town in which the minor child resides.
 E. During any periods of visitation the said child may travel by commercial airliner provided:
 1. The Defendant shall pay all air fares for the transportation of said child.
 2. The flights shall be either nonstop or direct and no change of planes will be involved until the child reaches the age of fourteen (14) years.
 3. All travel arrangements shall be made by the Defendant [husband].
 4. The Defendant shall notify the Plaintiff, not less than ten (10) days of the date of the visitation of the date, time, airline and flight number of the proposed carrier.
 5. The Defendant will send to the Plaintiff the round trip airline tickets or shall ensure that they will be at the air terminal ready for said child at time of departure.
 6. The plaintiff shall be required to deliver the said child to the nearest commercial airport offering direct flight service to the airport at which the Defendant will receive the child, not to be in excess of 150 miles from her residence. The Plaintiff shall also pick up the said child at the termination of the periods of visitation.
 7. The Defendant shall ensure that either he or the child notifies the Plaintiff of the arrival of the child as soon as possible after the child is met by him.
 8. At the end of the period of visitation the Defendant shall notify the Plaintiff of the date, time, carrier and flight number of the child's return. The Defendant shall notify the Plaintiff twenty-four hours prior to the time of departure.
 9. On the return of the child, the Plaintiff shall ensure that either she or the child notifies the Defendant of the child's return.
The husband contends in brief that the modification in effect reduced the amount of days he could visit with the child previously and, further, that the wife should be required to assist in paying the transportation costs.
We do not deem it necessary or prudent to set out in any detail the evidence presented to the trial court at the oretenus hearing. Suffice it to say there is evidence the husband earns over $20,000 per year, has recently purchased a town house and owns a residential lot. He has other assets.
Quite frankly, we can perceive no possible error in the amount of visitation granted the husband on his petition to modify. The trial court has, under the circumstances, allowed liberal and/or maximum visitation privileges. Even if it were conceded that the number of days was less than under the original decree, there would still be no error as the circumstances of the parties have clearly changed.
In any event, as in all cases heard ore tenus, our review of the trial court's order is controlled by the principle that this court will not substitute our judgment for that of the trial court and will reverse only where the evidence shows the trial court to have been plainly and palpably wrong and unjust.Smith v. Smith, Ala.Civ.App., 334 So.2d 915 (1976).
Specifically, the trial court is accorded broad discretion in its judgment concerning *Page 244 
visitation for the nonresident parent. Hayes v. Hayes, Ala.Civ.App., 337 So.2d 770 (1976); 8 Ala. Digest Divorce Key 299. In this instance, we find no abuse of discretion.
The husband in brief urges error for the trial court's failure to require the wife to at least assist in the transportation costs connected with transporting the child from Colorado to Alabama.
In Jenkins v. Jenkins, Ala.Civ.App., 376 So.2d 1099, writdenied, Ala., 376 So.2d 1101 (1979), this court found the trial court did not err in requiring the custodial parent to assist in "transportation costs." We did not state in Jenkins the trial court was required to so find.
In any event, in this instance, considering the husband's financial status as indicated above and the paucity of evidence as to the wife's ability to assist, we find no reversible error in the trial court's failure to require the wife to assist in transportation costs.
The wife has requested an attorney's fee for representation on appeal. A fee of $300 is hereby awarded.
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.