The paternal uncle and his wife, by prior orders of the Circuit Court of DeKalb County, were awarded custody of their niece, now age seven. The mother of the child was given visitation privileges of three hours every other month at the home of the uncle and aunt.
Approximately three years after the last of the aforementioned orders the paternal uncle and aunt sought, by modification, to terminate the mother's visitation. The mother counter-petitioned, requesting that she be awarded custody or that visitation be extended.
After an ore tenus hearing, the learned trial judge terminated the mother's visitation privileges.
The mother appeals, primarily contending that the trial court erred in terminating visitation. We agree with the mother's contention and reverse and remand.
We do not deem it necessary nor prudent to set out in detail the facts of the instant appeal. Also, we note at the outset the oft quoted presumption in matters pertaining to visitation,i.e., that the trial court has wide discretionary powers in the settlement of visitation rights. Hall v. Hall, 391 So.2d 122
(Ala.Civ.App. 1980).
The record in pertinent part reveals the following:
The child has lived with the paternal uncle and aunt for the past four years. The uncle and aunt provide for all of the child's material needs. The aunt and uncle love the child and refer to her as their own daughter. The child has her own bedroom in the home. The uncle and aunt help the child with her school work. The child has a good relationship with the teenage son of the uncle and aunt.
The mother of the child has remarried and lives in a house with her new husband. The mother has developed a good reputation in the community according to the mother's landlord and the mother's pastor. The mother's eleven year old son lives with the mother. The mother occasionally baby-sits for other children in her home.
The mother has regularly exercised her visitation privileges. Except for the past year, the mother would come to the home of the aunt and uncle every two months to visit with her daughter. The mother would sometimes be accompanied by the child's maternal grandmother. Often, the mother would bring the child a small gift.
The evidence at best of a detrimental nature regarding the issue of visitation is that the child would become upset immediately after the mother's visits. The paternal aunt and uncle indicated the child would become fretful and would have trouble sleeping. Additionally, the aunt testified that during the past year, when the mother's visits were less frequent, the child was *Page 1120 
less upset and adjusted better in school. The evidence indicates that the child for the past year has been attending a special education class for children with emotional problems.
It is unfortunately true that divorce may, to varying degrees, adversely affect the emotional tranquility of children from broken homes. It is, however, not at all clear in the instant case that the sole cause of the child's fretfulness and nightmares were the mother's minimal hours of visitation. Fortunately, the evidence reflects the child's emotional well-being has greatly improved since she entered the special education class.
As indicated, the trial court has much discretion in determining visitation rights of divorced parents. Skipper v.Skipper, 280 Ala. 506, 195 So.2d 797 (Ala. 1967). However, under the facts of the instant case, the absolute termination
of the mother's visitation rights cannot be sustained. The trial court abused its discretion in determining that, due to the child's emotional condition, the mother was to be denied any access to visit her child. In view of the fact that the mother loves her child and desires to continue to exercise visitation, and that the evidence does not support a finding that the mother's visitation should be terminated, we find the trial court erred to reversal in terminating visitation.
We are also mindful of the Alabama Supreme Court's recent decision addressing the rights of natural parents in Ex parteShuttleworth, 410 So.2d 896 (Ala. 1982). While not a visitation case, it appears that the reasoning in Shuttleworth is applicable to the instant action. Specifically, in matters of visitation, as in custody determinations, between parents and non-parents, where the parents are deemed fit and proper persons, the natural parents should have reasonable rights of visitation. This in no way is meant to disparage the love and affection which the paternal aunt and uncle have given the child. However, Shuttleworth clearly stands for the proposition that the rights of natural parents, in visitation disputes as much as custody disputes, should be treated with great deference.
Accordingly, we remand to the honorable trial court for a proper determination of the mother's visitation rights.
While the mother's brief before this court does not address the specific question of whether the trial court erred in failing to award the mother primary custody, we find no error regarding the trial court's judgment on this aspect of the decree. See Wood v. Wood, 333 So.2d 826 (Ala.Civ.App. 1976).
This case is due to be reversed and remanded for entry of an order not inconsistent with the foregoing.
REVERSED AND REMANDED.
WRIGHT, P.J., and BRADLEY, J., concur.