HOLMES, Judge.
This is a domestic relations case concerning visitation privileges to the mother of an eight-year-old child.
The mother appeals from the trial court’s actions regarding visitation and we affirm.
The dispositive issue on appeal is whether the trial court so abused its discretion in the award of visitation as to require reversal. As indicated, we find no such abuse of discretion requiring reversal and affirm.
This is the second time this case has been appealed to this court. Interested parties may wish to refer to Naylor v. Oden, 415 So.2d 1118 (Ala.Civ.App.1982).
The following facts without detail are sufficient for a resolution of this appeal.
The child has been in the custody of her paternal uncle and aunt by virtue of a court order most of her life. The mother had visitation privileges of three hours every other month at the home of the uncle and aunt.
Sometime prior to the first appeal, the uncle and aunt petitioned to terminate the mother’s visitation completely. After an ore tenus hearing, the trial court did terminate the mother’s privileges. This court on appeal reversed that action. This court stated that the case was reversed for a proper determination of the mother’s visitation rights. Again, we refer interested parties to our prior opinion, Naylor v. Oden, 415 So.2d 1118 (Ala.Civ.App.1982).
On remand, again without detailing the facts and circumstances, the trial court ultimately granted the mother visitation on every third Friday of each month. This visitation was to be accomplished at the local office of the Department of Pensions and Security and was to be for a period of two hours’ duration. Additionally, the mother was granted visitation on three certain holidays. As indicated above, the mother through able counsel appeals, contending that the visitation is too restrictive.
We particularly note that the present visitation privileges are in fact more liberal than the visitation exercised prior to the termination proceedings.
The law is clear that the trial court is accorded much discretion in its judgment concerning visitation. Crane v. Crane, 392 So.2d 242 (Ala.Civ.App.1980). Under the ore tenus rule, our review of the trial court’s order is controlled by the principle that this court will not substitute its judgment for that of the trial court and will reverse only where the evidence shows the trial court to have been plainly and palpably wrong and unjust. Crane v. Crane, 392 So.2d 242 (Ala.Civ.App.1980).
In the instant case, where there is evidence that supports the trial court’s actions, there was evidence that the mother’s visitation adversely affected the child emotionally. There was also evidence that the mother did not adequately care for the child in the past and that, presently, there is some question as to her child by another marriage receiving adequate care. Additionally, there was evidence that certain relatives of the wife and her present husband pose a problem to the well-being of the child should the mother have unsuper *863 vised visitation. Furthermore, and most pertinently, the present visitation, as mentioned previously, is more liberal than that previously granted.
Although there is conflict in the evidence, we cannot say that the trial court erred to reversal. For this court to so find would be to substitute our judgment for that of the trial court. This, by law, we cannot do. Allen v. Allen, 385 So.2d 1323 (Ala.Civ.App.1980).
This case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.