PER CURIAM.
This is a child custody case.
The trial court granted the paternal aunt and uncle custody of a ten-year-old child. Additionally, the mother was apparently denied any visitation privileges. The mother appeals, and we affirm in part and reverse in part.
The dispositive issue is whether the trial court abused its discretion in its award of custody and in failing to grant some visitation privileges to the mother.
Viewing the record with the attendant presumptions accorded the trial court’s decree, the following is revealed:
In 1978, the mother shot and killed her husband, the child’s father. She was found guilty of manslaughter in the first degree and sentenced to ten years in the penitentiary.
A very short time after the father's death, the paternal aunt and uncle petitioned the Circuit Court of Colbert County for temporary custody of the mother’s five-year-old child. The trial court granted the aunt and uncle temporary custody and the child has been with them ever since that time. In 1983, the trial court awarded permanent custody to the aunt and uncle.
It is undisputed that the child receives good care from her aunt and uncle. At the time of the hearing, the child was ten years old and from all the evidence it appears that she is well-adjusted and healthy. The mother testified that, should she receive custody, she would not object to the aunt and uncle visiting with the child.
The mother was paroled after serving two years in prison; in 1982 she was released from parole. The evidence shows that the mother has put considerable effort into rehabilitating herself with commendable results. The mother’s civil and political rights were restored soon after she was released from parole. During her marriage she had never worked outside the home, and she had only a high school education. Since her conviction she has completed quite a few hours of college courses. The mother is currently employed by the State of Alabama and has been working steadily since her release from prison. Since her release the mother has become involved in various church, civic, and community activities. It appears that the mother has pulled her life together and improved her lot. In fact, except for the tragic and serious crime of killing her husband, there is no evidence that is particularly unfavorable or negative concerning the mother.
In regard to the mother’s contention that the trial court abused its discretion in failing to award the mother custody, we affirm the trial court’s actions.
It is a well-known and settled principle of law that a trial judge in a domestic relations case will not be reversed by an appellate court save for plain and palpable error. Parsons v. Parsons, 337 So.2d 765 (Ala.Civ.App.1976). Additionally and more importantly, the guiding light in child custody cases is the welfare and best interest of the child. Parsons v. Parsons, 337 So.2d 765 (Ala.Civ.App.1976). With these principles of law in mind, this court cannot say that the trial court abused its discretion in regard to custody.
The child has lived over half her life with the aunt and uncle, and from the evidence she appears well-adjusted and healthy. There is no question that the child has an adequate home with the paternal aunt and uncle.
On the other side, the mother has only recently been released from the penitentiary where she was serving time for killing her husband, the child’s father. Even though the mother has rehabilitated herself to an extent, considering the totality of the circumstances, we cannot say that the trial court abused its discretion in failing to award the mother custody. Parsons v. Parsons, 337 So.2d 765 (Ala.Civ.App.1976).
As indicated previously, the mother contends that the trial court erred in failing to grant visitation privileges.
*303 It has previously been held that, where the parent is deemed a fit and proper person, the natural parent should have reasonable visitation rights. Naylor v. Oden, 415 So.2d 1118 (Ala.Civ.App.1982). As indicated above, the negative or unfavorable evidence about the mother pertains to her killing the child’s father; that is undeniably a serious and atrocious crime.
However, it appears that the mother has begun to reform and rehabilitate herself to a great extent. The people who have been in contact with her since she was convicted in 1978 had nothing but positive things to say about the mother. The negative testimony comes from the paternal aunt who is understandably somewhat less than generous towards the mother. While the mother’s actions in the past and other factors as earlier indicated are serious enough to support the trial court’s decision as to custody, in view of the mother’s efforts at rehabilitation, we believe that some reasonable visitation should have been allowed the mother.
Because of the great deference accorded the rights of natural parents and the particular facts of this case, this court has no alternative but to find that the trial court abused its discretion in failing to grant the mother at least some restricted or limited visitation privileges.
The child is aware that she has a natural mother who wants to visit her; she is aware of the circumstances involved in her separation from her mother and why she lives with her aunt and uncle. The mother has served her time in the penitentiary and she has taken every effort to rehabilitate herself and re-establish contact with her child; she has worked to become self-sufficient and able to care for her child. It is clear to this court that the best interests and welfare of the child could not be served by denying the mother some reasonable visitation.
Finally, the mother, through able counsel, has raised a constitutional issue, i.e., due process violation pertaining to certain prior proceedings. Suffice it to say, these proceedings occurred years ago and concerned temporary custody while the mother was in jail. In view of the apparent untimeliness of these issues and other factors, this issue is not properly before this court. Furthermore, it has been held that a child may be taken from a parent’s custody temporarily by a summary proceeding, as long as an adequate remedy is available by which the parent may afterwards have her rights protected. Ex parte White, 245 Ala. 212, 16 So.2d 500 (1944). See also Thorne v. Thorne, 344 So.2d 165 (Ala.Civ.App.1977) (rights of parents to due' process).
We would be remiss in not commenting that appellees have not favored this court with a brief. The appellant, as indicated, contends in brief that the trial court erred in the areas of custody and visitation mentioned above. This court has carefully read the record. It appears to this court that clearly custody was an issue at trial. While it is not as clear that visitation was an issue, the evidence when considered with the entire pleadings convinces this court that the learned and distinguished trial court was apprised of this visitation issue and did in effect rule that visitation was not warranted.
This case is affirmed in part, reversed in part, and remanded for entry of a judgment or proceeding not inconsistent with the above.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
All the Judges concur.