This is a visitation case.
Robert A. Baugh filed a pro se petition to modify the final divorce decree to allow him visitation with his minor son. The case was set for a hearing. The trial court denied Baugh's petition, specifically noting that Baugh was not represented at the hearing, was incarcerated, and that "it is not in the best interest of the child to experience visitation with his father in the father's present environment." Baugh appeals, setting out five issues.
The first issue Baugh raises is whether the trial court erred in denying visitation rights to Baugh with his son. He cites five cases to support his contention that the trial court erred by denying visitation with his son. We have carefully considered the authorities Baugh cites and find that of those cases, only one has any application here.
In Naylor v. Oden, 415 So.2d 1118 (Ala.Civ.App. 1982), this court reversed the termination of visitation privileges of a mother who visited her natural child in the home of the adopted parents for three hours every other month. There we stated that the facts simply did not support absolute termination of the mother's visitation rights.
We have long recognized the wide discretionary powers of the trial court in the determination of visitation rights of divorced parents. We have held that the rights of natural parents in visitation disputes should be treated with great deference. Naylor, supra.
In the instant case, the denial of Baugh's petition changes nothing. The 1987 divorce decree did not provide visitation privileges for Baugh. By his own petition, Baugh advised the trial court that he is serving a 20-year sentence, and it will be five more years before he becomes eligible to be considered for parole. The child will only be twelve years old at that time. Clearly, there is evidence to support the trial court's determination that it is not in the child's best interest to visit the father while he is in prison.
Baugh raises four additional issues but fails to comply with Rule 28, Alabama Rules of Appellate Procedure, because he did not cite any authority to support any of his contentions. That failure leaves no alternative but to affirm the trial court.Cummins v. Slayton, 545 So.2d 783 (Ala.Civ.App. 1989).
AFFIRMED.
All the Judges concur. *Page 1359