Judy Larae Kratz sued Ricky Carl Kratz for a divorce on March 27, 1999, alleging incompatibility and an irretrievable breakdown of the marriage. The parties had married in 1985; one child was born of the marriage, and the husband adopted the wife's child from a prior relationship. Following an emergency petition, wherein the wife alleged that the husband had committed acts of domestic violence, the court awarded the wife temporary custody of the two minor children and issued a temporary restraining order against the husband.
Following ore tenus proceedings, the court, on December 15, 1999, entered a final divorce judgment, awarding the wife sole custody of the children and ordering the husband to pay $199 per month in child support. The court made the following findings pertinent to this appeal:
 "2. That there was one child born as a result of this marriage, to-wit; [J.L.], date of birth July 17, 1986, and the parties adopted one son to-wit; [J.R.], date of birth October 31, 1983, and both children have continued to live with their mother (wife) after the parties' separation, and afterwards a Temporary Custody Order was issued by this court on July 27, 1999, which Order also required defendant/husband to pay support in the sum of $199.00 per month, beginning May 1, 1999.
 "3. That on both dates of this hearing the Court has heard testimony from the daughter of the parties to-wit; [J.L.], age thirteen, who testified she did not want to visit her father (defendant) at this time. Her testimony was taken in Open Court with attorneys for both parties present, however, the Court excluded the parties at the request of the child, even though the attorney for plaintiff/wife had vociferously stated prior to taking testimony on November 30, 1999, that the child was eager to testify in the presence of her parents. Said children have the right to visit their father (defendant) at reasonable times and places as they so desire.
 "4. That both parties are approximately 44 or 45 years of age, and plaintiff/wife is employed at a Forestdale nursing home and defendant/husband owns and drives an `18 wheeler' truck and used to earn about $1,500.00 per week when he drove the same, although he has quit driving his truck after the separation and become underemployed in an attempt to reduce his child support payments on which he [was] in arrears, but has paid since the last hearing date. That the parties own no real estate as they sold what they had acquired sometime before their separation.
". . . .
 "7. The plaintiff/wife testified that since their separation . . . defendant/husband has pointed a gun at her, burst her window in her car with a brick, and followed her to work more than once, and threatened to kill her, and telephoned her at work in violation of the Court Order, and went to the school where the minor child of the parties, to-wit; [J.L.], attends also in violation *Page 973 
of the Court's Order herein, and defendant/husband admitted he knocked the window out of plaintiff/wife's car with a brick, and struck plaintiff/wife with a 2 x 4, but not recently, and that this was in `self defense.'
 "8. The minor child of the parties, [J.L.], testified she did not want to visit her father (defendant) at this time because he was mean to her mother (plaintiff) and had threatened her mother (plaintiff) and told [J.L.] she would find her `dead in the field.'
 "9. There were two (2) Contempt Citations filed herein on August 30, 1999, and on September 24, 1999, and the Court finds that defendant/husband has willfully refused to pay the support previously ordered herein by this Court, and defendant/husband is in contempt of this Court, however, since the November 30, 1999, hearing defendant/husband has paid said arrearage, and in fact defendant/husband also continued to visit the child's school and to telephone the plaintiff/wife at her place of employment although he was ordered not to do so, and defendant/husband is also in Contempt of Court on these issues herein since he has willfully and contemptuously disregarded the orders of this Court in this regard.
". . . .
 "12. Furthermore, after hearing the testimony in this case, the Court is of the opinion that plaintiff/wife has proven all the allegations of domestic violence against defendant/husband by a preponderance of the evidence, and the Court enters a Protection Order herein and makes the same a part of this Court Decree, which is incorporated herein and made a part of and consolidated with this Court Decree as if fully set out herein, and is to be effective for a period of one (1) year, and shall be effective throughout the State of Alabama."
The court ordered:
 "6. That plaintiff/wife . . . be and she is awarded the right, title and interest in and to the property she has in her possession and control and in addition thereto all property listed in `Exhibit A' to this Decree, and defendant/husband be and he is hereby divested of all right, title and interest in and to the same. . . .
 "7. That defendant/husband be and he is hereby awarded all right, title and interest in and to all property not listed in `Exhibit A' to this Decree, and not in plaintiff/wife's possession at this time, and plaintiff/wife be and she is hereby divested of all right, title and interest in and to the same."
The wife filed a postjudgment motion, which was denied by operation of law. The husband appealed. He presents several arguments, including the argument that the court abused its discretion in awarding the wife "court cost, child support, health insurance and payments for health care and dental care and an unreasonable division of the marital property" and abused its discretion "when it granted the [husband] visitation with his children when they decided or agreed to visit him."
In reviewing a judgment of the trial court in a divorce case, where the trial court has made findings of fact based on oral testimony, we are governed by the ore tenus rule. Under this rule, the trial court's judgment based on those findings will be presumed to be correct and will not be disturbed on appeal unless it is plainly and palpably wrong.Hartzell v. Hartzell, 623 So.2d 323 (Ala.Civ.App. 1993). This presumption of correctness is based on the trial court's unique position to observe the witnesses and to assess their demeanor and credibility.Hall v. Mazzone, 486 So.2d 408 (Ala. 1986). Additionally, matters *Page 974 
of alimony and property division rest soundly within the trial court's discretion, and rulings on those matters will not be disturbed on appeal except for a plain and palpable abuse of discretion. Welch v. Welch,636 So.2d 464 (Ala.Civ.App. 1994). Further, a division of marital property in a divorce case does not have to be equal, only equitable, and a determination of what is equitable rests within the sound discretion of the trial court. Willing v. Willing, 655 So.2d 1064 (Ala.Civ.App. 1995). Additionally, the primary consideration in setting visitation rights is the best interests of the child. See DuBois v. DuBois, 714 So.2d 308
(Ala.Civ.App. 1998).
A detailed recitation of the facts is unnecessary. Suffice it to say there was sufficient evidence in the record to support the trial court's judgment. Both parties are gainfully employed, and the husband has the ability to resume working as a long-distance truck driver. The wife testified that the husband had committed acts of domestic violence, including hitting her with a "2 x 4" and breaking her car window with a brick. The husband admitted these incidents, although he stated that the wife had picked up a knife and that he had acted in self-defense when he hit her in the head. The daughter testified that she did not want to visit with her father; that he had made threatening remarks about her mother; and that she thought he had vandalized her brother's truck.
We note that the husband did not address the issue of child support and did not cite caselaw; therefore, we pretermit discussion of that issue. After reviewing the record, we conclude that the judgment of the trial court is due to be affirmed.
AFFIRMED.
Robertson, P.J., and Monroe and Thompson, JJ., concur.
Crawley, J., concurs in part and dissents in part.