Edward F. Tracy ("the father") appeals from an order of the Barbour Circuit Court denying a petition for modification of visitation rights as to children born of his marriage to Amy C. Tracy ("the mother") and making other determinations. We dismiss the appeal. *Page 49 
The record indicates that the father filed a petition requesting a modification of visitation as to the parties' two minor children in the Barbour Circuit Court on December 20, 2004. That court, after an ore tenus hearing, entered an order on April 4, 2005, denying the father's petition; however, the trial court also, sua sponte, raised the issue of whether the father's child-support obligation should be altered.[1] In connection with that issue, the trial court found that the father was underemployed and directed the father to find part-time paid employment at a minimum of 20 hours per week. The trial court directed the father to file and serve an income affidavit after obtaining employment; however, the trial court did not determine the amount of prospective child support to be paid.
We conclude that the father's appeal is from a nonfinal order and, thus, is due to be dismissed. An appeal ordinarily lies only from a final judgment. Ala. Code 1975, § 12-22-2. An order is generally not final unless it disposes of all claims or the rights and liabilities of all parties. SeeEubanks v. McCollum, 828 So.2d 935, 937
(Ala.Civ.App. 2002) (noting that an order that does not dispose of all claims is not a final judgment and that, in such an instance, an appeal may be had only upon an express determination that there is no just reason for delay and upon an express direction for the entry of a judgment under Rule 54(b), Ala. R. Civ. P.).[2]
We note that the father filed a post-judgment motion requesting that the trial court vacate its order denying his petition for modification of visitation; that motion also requested that the trial court vacate its finding that he was underemployed. Rule 32(B)(5), Ala. R. Jud. Admin, provides:
 "(5) Unemployment; Underemployment. If the court finds that either parent is voluntarily unemployed or underemployed, it shall estimate the income that parent would otherwise have and shall impute to that parent that income; the court shall calculate child support based on that parent's imputed income."
(Emphasis added.)
In this case, although the trial court, sua sponte, raised the issue of child support and found that the father was underemployed, the trial court failed to impute income to the father and calculate child support pursuant to Rule 32(B)(5). Because the issue of child support has not been fully adjudicated by the trial court, the father has attempted to appeal from a nonfinal order. Thus, we dismiss the father's appeal. See § 12-22-2, Ala. Code 1975.
APPEAL DISMISSED.
CRAWLEY, P.J., and THOMPSON, MURDOCK, and BRYAN, JJ., concur.
[1] The record reflects no pleading or motion in which the mother sought an increase in the father's child-support obligation.
[2] In this case, the trial court did not direct the entry of a judgment pursuant to Rule 54(b), Ala. R. Civ. P., as to the visitation claim.