976 So.2d 465 (2007)
V.C.
v.
C.T.
V.C.
v.
C.T.
2050356, 2050737.
Court of Civil Appeals of Alabama.
June 22, 2007.
*466 Grant John Scott of The Powell Law Firm, P.C., Andalusia, for appellant.
Christopher M. Sledge of Woodard, Patel & Sledge, Andalusia, for appellee.
MOORE, Judge.
In case no. 2050356, the mother, V.C., appeals from a January 2006 judgment transferring custody of S.T., the child, from the mother to C.T., the father, and awarding the mother visitation rights with the child. We dismiss that appeal as having been filed from a nonfinal judgment.
In case no. 2050737, the mother appeals from a May 2006 judgment suspending all of her visitation rights with the child. We reverse that judgment.

Background
The mother and the father have one child, S.T., who was born on March 14, 2000. The mother and the father never married. In a 2001 paternity action instituted by the Covington County Department of Human Resources on behalf of the mother, C.T. was adjudicated to be the father of S.T., ordered to pay child support, and granted visitation with the child.
On October 3, 2005, the father petitioned the juvenile court to transfer custody of the child from the mother to him. Following an ore tenus hearing, the juvenile court entered a judgment on January 23, 2006, *467 awarding custody to the father and granting visitation to the mother. In that same judgment, the juvenile court reserved jurisdiction over the issue of child support, stating:
"It is further ordered that the attorneys file with the Clerk's office an income affidavit of each one's respective client, along with a child support guideline worksheet showing the amount of child support that should be ordered, within 14 days; and if [the mother] is of the opinion that the amount of child support according to the guidelines would be manifestly unjust [or] inequitable, the [mother's attorney] should file a pleading to that effect and the court will set a separate child support hearing on that issue; failing said pleading, the court will order child support in accordance with the guidelines, unless a mutual agreement to the contrary is reached between the parties."
On January 30, 2006, the mother appealed from the January 23, 2006, judgment, asserting that the juvenile court had exceeded its discretion in transferring custody of the child. That appeal was docketed as case no. 2050356. At the time of her appeal, the juvenile court had not ruled on the pending child-support issue.
While the appeal in case no. 2050356 was pending in this court, the parties filed dueling contempt motions and dueling motions regarding the mother's visitation rights; the mother filed a motion to modify visitation, and the father filed a motion styled "Emergency Ex Parte Motion for Temporary Relief," asserting that the child had been physically and verbally abused during periods of visitation with the mother. Those motions were filed under a new civil-action number.
On May 22, 2006, after an ore tenus hearing on all those motions, the juvenile court denied the mother's motion to modify visitation and granted the father's motion regarding visitation issues; as a result, the juvenile court suspended all visitation between the mother and the child. The mother appealed from that judgment on June 2, 2006; her appeal was docketed as case no. 2050737.[1] We have consolidated these appeals for the purpose of issuing one opinion.
After the mother filed her notice of appeal in case no. 2050737, the juvenile court continued to exercise jurisdiction over the case. On July 18, 2006, the juvenile court ordered the mother to pay the father $260 per month in child support. On that same date, the juvenile court ordered the father to respond to the mother's motion requesting supervised visitation; the juvenile court allowed the father 14 days in which to respond. The juvenile court had not ruled on this motion at the time of the completion of the record in these appeals.

Case no. 2050356
In case no. 2050356, we conclude that the mother attempted to appeal from a nonfinal judgment. At the time of her appeal, the juvenile court had not disposed of all the claims between the parties, having reserved jurisdiction over child-support matters. See Newman v. Newman, 957 So.2d 1153, 1154 (Ala.Civ.App.2006) (the trial court's order, on motion for modification of judgment of divorce, reserving ruling on issue of child support pending the parties' submission of income affidavits, was not a final order and, thus, was not appealable); Edwards v. Edwards, 951 *468 So.2d 699, 701 (Ala.Civ.App.2006) ("because custody and the related issue of child support are not inherently distinct from other issues arising in a divorce action, an order failing to resolve all of the issues presented in a divorce action may not be made appealable except pursuant to Rule 54(b), Ala. R. Civ. P." (footnote omitted)); and Tracy v. Tracy, 939 So.2d 48, 49 (Ala.Civ.App.2006) ("Because the issue of child support has not been fully adjudicated by the trial court, the father has attempted to appeal from a nonfinal order.").
"`When it is determined that an order appealed from is not a final judgment, it is the duty of the Court to dismiss the appeal ex mero motu.'" Young v. Sandlin, 703 So.2d 1005, 1008 (Ala.Civ. App.1997) (quoting Powell v. Republic Nat'l Life Ins. Co., 293 Ala. 101, 102, 300 So.2d 359, 360 (1974)). Because the mother appealed from a judgment that was not final at the time she filed her notice of appeal, we must dismiss her appeal in case no. 2050356.[2]

Case no. 2050737
We next consider the propriety of the juvenile court's judgment suspending the mother's visitation rights.
"It is well settled that matters regarding both custody and visitation rest soundly within the discretion of the trial court, and that judgments regarding those matters will not be disturbed on appeal absent an abuse of discretion. A trial court's determination regarding visitation must be affirmed absent a finding that the judgment is unsupported by credible evidence and that the judgment, therefore, is plainly and palpably wrong. Visitation cases require an examination of the facts and circumstances of the individual situation, which the trial court is able to observe."
Denney v. Forbus, 656 So.2d 1205, 1206 (Ala.Civ.App.1995) (citations omitted).
Nevertheless, the law presumes that it is in the best interest of a child to have complete and unrestricted association with his or her parents. See Jackson v. Jackson, [Ms. 2050716, April 13, 2007] ___ So.2d ___, ___ (Ala.Civ.App.2007) (quoting Johnita M.D. v. David D.D., 191 Misc.2d 301, 303, 740 N.Y.S.2d 811, 813 (Sup.Ct.2002)). When the parents are deemed fit and proper persons, the parents should have reasonable visitation rights. Naylor v. Oden, 415 So.2d 1118 (Ala.Civ.App.1982). As we have recently noted, the reasonableness of visitation rights and any restrictions on visitation depend on the circumstances of the case. Jackson, ___ So.2d at ___. In deciding appropriate restrictions on visitation, "[t]he trial court is entrusted to balance the rights of the parents with the child's best interests to fashion a visitation award that is tailored to the specific facts and circumstances of the individual case." Nauditt v. Haddock, 882 So.2d 364, 367 (Ala.Civ.App.2003).
A trial court exceeds its discretion when it selects an overly broad restriction on visitation that does more than address a particular threat to the best interests of the child and thereby unduly infringes *469 upon the parent-child relationship. Jackson, ___ So.2d at ___. In Alabama, a total denial of visitation rights has been upheld only rarely. Compare Baugh v. Baugh, 567 So.2d 1358 (Ala.Civ.App.1990) (this court affirmed a divorce judgment denying the father any visitation with his 7-year-old child because he was incarcerated and serving a 20-year prison sentence), with In re Norwood, 445 So.2d 301 (Ala.Civ.App.1984) (reversing the trial court's judgment that failed to award some restricted or limited visitation privileges to mother who had recently been released from prison for killing the child's father).
In support of the father's emergency motion for temporary relief, the juvenile court heard testimony indicating that the mother and the child's maternal grandmother had engaged in a physical altercation in front of the child on one occasion and that the mother had used curse words in the presence of the child or when referring to the child on one occasion. From this evidence, the juvenile court concluded that the mother had endangered the safety of the child and had verbally abused the child. Based on this factual finding, the juvenile court totally suspended all contact between the mother and the child.
Based on the particular facts of this case, we find that the juvenile court exceeded its discretion in suspending all visitation between the mother and the child. Even in cases in which the court finds that a parent has committed domestic violence, the court may award visitation if the court finds that adequate provision for the safety of the child can be made by taking such measures as requiring supervised visitation, ordering counseling for the perpetrator, and/or compelling the perpetrator to post bond to secure his or her good behavior. See Ala.Code 1975, § 30-3-135. In this particular case, the fundamental rights of the mother and the child required the juvenile court to use these less-drastic means to address its concerns for the child's safety and to protect the child from verbal abuse before proceeding to a total suspension of the mother's visitation rights.
We, therefore, reverse the juvenile court's judgment of May 22, 2006, and remand the case for further proceedings consistent with this opinion.

Conclusion
In case no. 2050356, we dismiss the appeal as being from a nonfinal judgment. In case no. 2050737, we reverse the juvenile court's judgment suspending the mother's visitation rights and remand the case for further proceedings consistent with this opinion.
2050356  APPEAL DISMISSED.
2050737  REVERSED AND REMANDED.
THOMPSON, P.J., and PITTMAN, J., concur in the result, without writings.
BRYAN and THOMAS, JJ., concur in case no. 2050356 and dissent in case no. 2050737, with writings.
BRYAN, Judge, concurring in case no. 2050356 and dissenting in case no. 2050737.
I concur as to case no. 2050356. However, I respectfully dissent insofar as this court reverses the juvenile court's judgment suspending the mother's visitation rights in case no. 2050737.
The main opinion states that the juvenile court premised its judgment upon evidence of the child's witnessing her maternal grandmother assault the mother and of the mother's berating the child with expletives. These were isolated incidents. However, the juvenile court recited further findings of fact that indicate that the mother's abuse was continual.
*470 In addition to the foregoing, the juvenile court found, among other things, (1) that the mother had assaulted the child by slapping her in the face and pushing her against a wall; (2) that the mother had made verbal threats to kill the father while in the child's presence; (3) that school officials at the child's school had referred the child to a counselor because she was upset after visitations with the mother; (4) that the child's counselor had found the child's allegations of abuse to be consistent and made a report to the Department of Human Resources ("DHR") based on those allegations; and (5) that the mother had threatened to punish the child because the child had reported the mother's actions to DHR. Furthermore, the mother admitted that she had engaged in an argument in which the grandmother threatened the mother with a chair. Based upon the aforementioned evidence presented ore tenus, the juvenile court determined that the best interests of the child would be served by suspending the mother's visitation rights. See, e.g., Kratz v. Kratz, 791 So.2d 971 (Ala.Civ.App.2000) (affirming the judgment granting visitation rights only at the request of the children when the noncustodial parent had committed acts of domestic violence against the custodial parent and had made verbal threats to kill the custodial parent while in the children's presence); and Murphy v. Murphy, 624 So.2d 620 (Ala.Civ.App.1993) (affirming the judgment denying "supervised correspondence" with the noncustodial parent and the child when the child had experienced emotional difficulty before the parties' had separated and had been progressing emotionally after the separation). See also Anonymous v. Anonymous, 620 So.2d 43, 45 (Ala.Civ.App.1993) (quoting Andrews v. Andrews, 520 So.2d 512, 513 (Ala.Civ.App. 1987)) ("`Once an ore tenus hearing is held and the visitation rights are determined, the [judgment] is presumed correct. Further, absent a finding that the [judgment] is unsupported by any credible evidence and is plainly and palpably wrong, we will affirm.'").
The main opinion cites § 30-3-135, Ala. Code 1975, for the proposition that the juvenile court could have used less-restrictive means to fashion an award of visitation rights. Section 30-3-135 provides, in pertinent part:
"(a) A court may award visitation by a parent who committed domestic or family violence only if the court finds that adequate provision for the safety of the child and the parent who is a victim of domestic or family violence can be made.
"(b) In a visitation order, a court may take any of the following actions:
"(1) Order an exchange of the child to occur in a protected setting.
"(2) Order visitation supervised in a manner to be determined by the court.
"(3) Order the perpetrator of domestic or family violence to attend and complete to the satisfaction of the court, a program of intervention for perpetrators or other designated counseling as a condition of visitation.
"(4) Order the perpetrator of domestic or family violence to abstain from possession or consumption of alcohol or controlled substances during the visitation and for 24 hours preceding the visitation.
"(5) Order the perpetrator of domestic or family violence to pay a fee to defray the cost of supervised visitation.
"(6) Prohibit overnight visitation.
"(7) Require a bond from the perpetrator of domestic or family violence for the return and safety of the child.

*471 "(8) Impose any other condition that is deemed necessary to provide for the safety of the child, the victim of family or domestic violence, or other family or household member."
(Emphasis added.)
First, § 30-3-135 is permissive; it does not require a court to award visitation to a perpetrator of domestic violence. In cases in which the trial court uses its discretion to award visitation, § 30-3-135(a) permits an award of visitation "only if the court finds that adequate provision for the safety of the child . . . can be made." (Emphasis added.) The juvenile court's judgment states:
"[T]he court was not made aware of any possibilities of a neutral third party both sides know and trust who could supervise such visits. Nor is there any agency in Covington County which is equipped to handle such visitation in those type circumstances, including Covington County DHR. . . . [T]he Court is of the opinion that visitations should not resume until such time as [the mother] petitions the Court with a suitable plan for visitation for the Court to consider."
Consequently, the juvenile court found that adequate provisions for the safety of the child were not made regarding visitation. Accordingly, I respectfully dissent from the main opinion insofar as it reverses the suspension of the mother's visitation rights.
THOMAS, Judge, concurring in case no. 2050356 and dissenting in case no. 2050737.
I concur in the dismissal of the appeal in case number 2050356. However, I dissent from the reversal in case number 2050737 because I believe the appeal in that case should also be dismissed.
NOTES
[1] The record before us indicates that the juvenile court did not find either party to be in contempt. Additionally, neither party appealed from the juvenile court's May 22, 2006, judgment as to the contempt motions. Therefore, we do not address on appeal any issues arising from the contempt proceedings.
[2] We note that the juvenile court purported to resolve in the second action the issue of the mother's child support, an issue left unresolved in the January 2006 judgment. However, once the mother appealed from the January 2006 judgment, the issue of child support was no longer before the juvenile court. Therefore, to the extent the juvenile court purported to issue a judgment in the second action imposing a child-support obligation against the mother, that judgment is void. See Horton v. Horton, 822 So.2d 431 (Ala.Civ.App.2001).