MOORE, Judge.
In case no. 2050356, the mother, V.C., appeals from a January 2006 judgment transferring custody of S.T., the child, from the mother to C.T., the father, and awarding the mother visitation rights with the child. We dismiss that appeal as having been filed from a nonfinal judgment.
In case no. 2050737, the mother appeals from a May 2006 judgment suspending all of her visitation rights with the child. We reverse that judgment.

Background

The mother and the father have one child, S.T., who was born on March 14, 2000. The mother and the father never married. In a 2001 paternity action instituted by the Covington County Department of Human Resources on behalf of the mother, C.T. was adjudicated to be the father of S.T., ordered to pay child support, and granted visitation with the child.
On October 3, 2005, the father petitioned the juvenile court to transfer custody of the child from the mother to him. Following an ore tenus hearing, the juvenile court entered a judgment on January 23, 2006, *467 awarding custody to the father and granting visitation to the mother. In that same judgment, the juvenile court reserved jurisdiction over the issue of child support, stating:
“It is further ordered that the attorneys file with the Clerk’s office an income affidavit of each one’s respective client, along with a child support guideline worksheet showing the amount of child support that should be ordered, within 14 days; and if [the mother] is of the opinion that the amount of child support according to the guidelines would be manifestly unjust [or] inequitable, the [mother’s attorney] should file a pleading to that effect and the court will set a separate child support hearing on that issue; failing said pleading, the court will order child support in accordance with the guidelines, unless a mutual agreement to the contrary is reached between the parties.”
On January 30, 2006, the mother appealed from the January 23, 2006, judgment, asserting that the juvenile court had exceeded its discretion in transferring custody of the child. That appeal was docketed as case no. 2050356. At the time of her appeal, the juvenile court had not ruled on the pending child-support issue.
While the appeal in case no. 2050356 was pending in this court, the parties filed dueling contempt motions and dueling motions regarding the mother’s visitation rights; the mother filed a motion to modify visitation, and the father filed a motion styled “Emergency Ex Parte Motion for Temporary Relief,” asserting that the child had been physically and verbally abused during periods of visitation with the mother. Those motions were filed under a new civil-action number.
On May 22, 2006, after an ore tenus hearing on all those motions, the juvenile court denied the mother’s motion to modify visitation and granted the father’s motion regarding visitation issues; as a result, the juvenile court suspended all visitation between the mother and the child. The mother appealed from that judgment on June 2, 2006; her appeal was docketed as case no. 2050737.[1] We have consolidated these appeals for the purpose of issuing one opinion.
After the mother filed her notice of appeal in case no. 2050737, the juvenile court continued to exercise jurisdiction over the case. On July 18, 2006, the juvenile court ordered the mother to pay the father $260 per month in child support. On that same date, the juvenile court ordered the father to respond to the mother’s motion requesting supervised visitation; the juvenile court allowed the father 14 days in which to respond. The juvenile court had not ruled on this motion at the time of the completion of the record in these appeals.

Case no. 2050356

In case no. 2050356, we conclude that the mother attempted to appeal from a nonfinal judgment. At the time of her appeal, the juvenile court had not disposed of all the claims between the parties, having reserved jurisdiction over child-support matters. See Newman v. Newman, 957 So.2d 1153, 1154 (Ala.Civ.App.2006) (the trial court’s order, on motion for modification of judgment of divorce, reserving ruling on issue of child support pending the parties’ submission of income affidavits, was not a final order and, thus, was not appealable); Edwards v. Edwards, 951 *468 So.2d 699, 701 (Ala.Civ.App.2006) (“because custody and the related issue of child support are not inherently distinct from other issues arising in a divorce action, an order failing to resolve all of the issues presented in a divorce action may not be made appealable except pursuant to Rule 54(b), Ala. R. Civ. P.” (footnote omitted) ); and Tracy v. Tracy, 939 So.2d 48, 49 (Ala.Civ.App.2006) (“Because the issue of child support has not been fully adjudicated by the trial court, the father has attempted to appeal from a nonfinal order”).
“ “When it is determined that an order appealed from is not a final judgment, it is the duty of the Court to dismiss the appeal ex mero motu.’ ” Young v. Sandlin, 703 So.2d 1005, 1008 (Ala.Civ.App.1997) (quoting Powell v. Republic Nat’l Life Ins. Co., 293 Ala. 101, 102, 300 So.2d 359, 360 (1974)). Because the mother appealed from a judgment that was not final at the time she filed her notice of appeal, we must dismiss her appeal in case no. 2050356.[2]

Case no. 2050737

We next consider the propriety of the juvenile court’s judgment suspending the mother’s visitation rights.
“It is well settled that matters regarding both custody and visitation rest soundly within the discretion of the trial court, and that judgments regarding those matters will not be disturbed on appeal absent an abuse of discretion. A trial court’s determination regarding visitation must be affirmed absent a finding that the judgment is unsupported by credible evidence and that the judgment, therefore, is plainly and palpably wrong. Visitation cases require an examination of the facts and circumstances of the individual situation, which the trial court is able to observe.”
Denney v. Forbus, 656 So.2d 1205, 1206 (Ala.Civ.App.1995) (citations omitted).
Nevertheless, the law presumes that it is in the best interest of a child to have complete and unrestricted association with his or her parents. See Jackson v. Jackson, [Ms. 2050716, April 13, 2007] — So.2d -, - (Ala.Civ.App.2007) (quoting Johnita M.D. v. David D.D., 191 Misc.2d 301, 303, 740 N.Y.S.2d 811, 813 (Sup.Ct.2002)). When the parents are deemed fit and proper persons, the parents should have reasonable visitation rights. Naylor v. Oden, 415 So.2d 1118 (Ala.Civ.App.1982). As we have recently noted, the reasonableness of visitation rights and any restrictions on visitation depend on the circumstances of the case. Jackson, — So.2d at-. In deciding appropriate restrictions on visitation, “[t]he trial court is entrusted to balance the rights of the parents with the child’s best interests to fashion a visitation award that is tailored to the specific facts and circumstances of the individual case.” Nauditt v. Haddock, 882 So.2d 364, 367 (Ala.Civ.App.2003).
A trial court exceeds its discretion when it selects an overly broad restriction on visitation that does more than address a particular threat to the best interests of the child and thereby unduly infringes *469 upon the parent-child relationship. Jackson, — So.2d at -. In Alabama, a total denial of visitation rights has been upheld only rarely. Compare Baugh v. Baugh, 567 So.2d 1358 (Ala.Civ.App.1990) (this court affirmed a divorce judgment denying the father any visitation with his 7-year-old child because he was incarcerated and serving a 20-year prison sentence), with In re Norwood, 445 So.2d 301 (Ala.Civ.App.1984) (reversing the trial court’s judgment that failed to award some restricted or limited visitation privileges to mother who had recently been released from prison for killing the child’s father).
In support of the father’s emergency motion for temporary relief, the juvenile court heard testimony indicating that the mother and the child’s maternal grandmother had engaged in a physical altercation in front of the child on one occasion and that the mother had used curse words in the presence of the child or when referring to the child on one occasion. From this evidence, the juvenile court concluded that the mother had endangered the safety of the child and had verbally abused the child. Based on this factual finding, the juvenile court totally suspended all contact between the mother and the child.
Based on the particular facts of this case, we find that the juvenile court exceeded its discretion in suspending all visitation between the mother and the child. Even in cases in which the court finds that a parent has committed domestic violence, the court may award visitation if the court finds that adequate provision for the safety of the child can be made by taking such measures as requiring supervised visitation, ordering counseling for the perpetrator, and/or compelling the perpetrator to post bond to secure his or her good behavior. See Ala.Code 1975, § 30-3-135. In this particular case, the fundamental rights of the mother and the child required the juvenile court to use these less-drastic means to address its concerns for the child’s safety and to protect the child from verbal abuse before proceeding to a total suspension of the mother’s visitation rights.
We, therefore, reverse the juvenile court’s judgment of May 22, 2006, and remand the case for further proceedings consistent with this opinion.

Conclusion

In case no. 2050356, we dismiss the appeal as being from a nonfinal judgment. In case no. 2050737, we reverse the juvenile court’s judgment suspending the mother’s visitation rights and remand the case for further proceedings consistent with this opinion.
2050356 — APPEAL DISMISSED.
2050737 — REVERSED AND REMANDED.
THOMPSON, P.J., and PITTMAN, J., concur in the result, without writings.
BRYAN and THOMAS, JJ., concur in case no. 2050356 and dissent in case no. 2050737, with writings.

. The record before us indicates that the juvenile court did not find either party to be in contempt. Additionally, neither party appealed from the juvenile court's May 22, 2006, judgment as to the contempt motions. Therefore, we do not address on appeal any issues arising from the contempt proceedings.

. We note that the juvenile court purported to resolve in the second action the issue of the mother's child support, an issue left unresolved in the January 2006 judgment. However, once the mother appealed from the January 2006 judgment, the issue of child support was no longer before the juvenile court. Therefore, to the extent the juvenile court purported to issue a judgment in the second action imposing a child-support obligation against the mother, that judgment is void. See Horton v. Horton, 822 So.2d 431 (Ala.Civ.App.2001).