BRYAN, Judge,
concurring in case no. 2050356 and dissenting in case no. 2050737.
I concur as to case no. 2050356. However, I respectfully dissent insofar as this court reverses the juvenile court’s judgment suspending the mother’s visitation rights in ease no. 2050737.
The main opinion states that the juvenile court premised its judgment upon evidence of the child’s witnessing her maternal grandmother assault the mother and of the mother’s berating the child with expletives. These were isolated incidents. However, the juvenile court recited further findings of fact that indicate that the mother’s abuse was continual.
*470 In addition to the foregoing, the juvenile court found, among other things, (1) that the mother had assaulted the child by slapping her in the face and pushing her against a wall; (2) that the mother had made verbal threats to kill the father while in the child’s presence; (3) that school officials at the child’s school had referred the child to a counselor because she was upset after visitations with the mother; (4) that the child’s counselor had found the child’s allegations of abuse to be consistent and made a report to the Department of Human Resources (“DHR”) based on those allegations; and (5) that the mother had threatened to punish the child because the child had reported the mother’s actions to DHR. Furthermore, the mother admitted that she had engaged in an argument in which the grandmother threatened the mother with a chair. Based upon the aforementioned evidence presented ore tenus, the juvenile court determined that the best interests of the child would be served by suspending the mother’s visitation rights. See, e.g., Kratz v. Kratz, 791 So.2d 971 (Ala.Civ.App.2000) (affirming the judgment granting visitation rights only at the request of the children when the noncustodial parent had committed acts of domestic violence against the custodial parent and had made verbal threats to kill the custodial parent while in the children’s presence); and Murphy v. Murphy, 624 So.2d 620 (Ala.Civ.App.1993) (affirming the judgment denying “supervised correspondence” with the noncustodial parent and the child when the child had experienced emotional difficulty before the parties’ had separated and had been progressing emotionally after the separation). See also Anonymous v. Anonymous, 620 So.2d 43, 45 (Ala.Civ.App.1993) (quoting Andrews v. Andrews, 520 So.2d 512, 513 (Ala.Civ.App.1987)) (“ ‘Once an ore tenus hearing is held and the visitation rights are determined, the [judgment] is presumed correct. Further, absent a finding that the [judgment] is unsupported by any credible evidence and is plainly and palpably wrong, we will affirm.’ ”).
The main opinion cites § 30-3-135, Ala. Code 1975, for the proposition that the juvenile court could have used less-restrictive means to fashion an award of visitation rights. Section 30-3-135 provides, in pertinent part:
“(a) A court may award visitation by a parent who committed domestic or family violence only if the court finds that adequate provision for the safety of the child and the parent who is a victim of domestic or family violence can be made.
“(b) In a visitation order, a court may take any of the following actions:
“(1) Order an exchange of the child to occur in a protected setting.
“(2) Order visitation supervised in a manner to be determined by the court.
“(3) Order the perpetrator of domestic or family violence to attend and complete to the satisfaction of the court, a program of intervention for perpetrators or other designated counseling as a condition of visitation.
“(4) Order the perpetrator of domestic or family violence to abstain from possession or consumption of alcohol or controlled substances during the visitation and for 24 hours preceding the visitation.
“(5) Order the perpetrator of domestic or family violence to pay a fee to defray the cost of supervised visitation.
“(6) Prohibit overnight visitation.
“(7) Require a bond from the perpetrator of domestic or family violence for the return and safety of the child.
*471 “(8) Impose any other condition that is deemed necessary to provide for the safety of the child, the victim of family or domestic violence, or other family or household member.”
(Emphasis added.)
First, § 30-3-135 is permissive; it does not require a court to award visitation to a perpetrator of domestic violence. In cases in which the trial court uses its discretion to award visitation, § 30-3-135(a) permits an award of visitation “only if the court finds that adequate provision for the safety of the child ... can be made.” (Emphasis added.) The juvenile court’s judgment states:
“[T]he court was not made aware of any possibilities of a neutral third party both sides know and trust who could supervise such visits. Nor is there any agency in Covington County which is equipped to handle such visitation in those type circumstances, including Cov-ington County DHR.... [T]he Court is of the opinion that visitations should not resume until such time as [the mother] petitions the Court with a suitable plan for visitation for the Court to consider.”
Consequently, the juvenile court found that adequate provisions for the safety of the child were not made regarding visitation. Accordingly, I respectfully dissent from the main opinion insofar as it reverses the suspension of the mother’s visitation rights.