MOORE, Judge.
*1110 D.W. ("the mother") appeals from a judgment entered by the Montgomery Circuit Court ("the trial court") to the extent that it awarded W.C. ("the father") visitation with B.W. ("the child"), whose date of birth is May 26, 2016, and determined the father's child-support obligation. We affirm the judgment in part and reverse it in part.
Procedural History
On May 18, 2017, the mother filed a complaint seeking a judgment awarding her custody of the child and requiring the father to pay child support. The father subsequently filed a letter responding to the mother's complaint; the father asserted that he should be awarded joint custody of, and visitation with, the child.
After an October 18, 2017, trial, the trial court entered a judgment that same day declaring that the father is the father of the child, awarding the parties joint legal custody of the child, awarding the mother sole physical custody of the child, awarding the father visitation with the child, and ordering the father to pay $509.28 per month in child support. With regard to child support, the trial court specifically stated:
"That the award of child support made herein was determined by application of the Child Support Guidelines established by Rule 32, Alabama Rules of Judicial Administration. The Child Support Guidelines (CS-42) and the Child Support Obligation Income Affidavit (CS-41) forms have been filed herein and are made a part of the record in this case. The said child support amount is not in compliance with the guidelines and is a downward deviation. The Father has two other minor children residing with him who he provides and cares for."
On October 31, 2017, the mother filed a postjudgment motion. She withdrew that motion on November 1, 2017, and subsequently filed a new postjudgment motion on November 15, 2017. On November 17, 2017, the mother filed a notice of appeal; that notice of appeal was held in abeyance until February 5, 2018, when the trial court entered an order disposing of the mother's postjudgment motion.
Facts
The mother and the father were never married to one another. At the time the child was conceived, the father was married but was living separately from his wife. The father had subsequently reconciled with his wife, and they remained married at the time of the trial.
The mother has an older child in addition to the child. The father and his wife have two children together; one of those children is older than the child, and the other is younger. The younger of the father and his wife's children was born prematurely.
The evidence indicated that the mother had allowed the father to visit the child at her house and that the father had provided some support for the child. Approximately one month before the mother filed her complaint, the mother and the father had had an argument, and the father had not visited or provided support since that time.
The father submitted a Form CS-41 "Child-Support-Obligation Income Statement/Affidavit" indicating that he earns $2,581 per month. The mother submitted a Form CS-41 indicating that she earns $1,440 per month and that she incurs day-care *1111 costs for the child in the amount of $440 per month. The trial court completed a CS-42 form using those figures. The calculations on that form resulted in the father's monthly child-support obligation being $709.28.
The father testified that he earns $14.91 per hour and that he earns overtime pay once or twice per month. His most recent pay stub for the week of October 2 through October 9, 2017, was introduced into evidence. That pay stub indicated that his hourly salary is $14.90, that his gross salary for the period October 2 through October 9 was $619.18, and that his year-to-date gross salary was $31,798.69. The father testified that his wife does not work, that she is in school, and that she had been taking care of their youngest child. He testified that his monthly expenses include $800 for rent, $375 for utilities, $80 for diapers for his youngest child, $135 for formula for his youngest child, $400 for his wife's automobile payment, $300 for his automobile payment, $125 for insurance, and $300 for medical expenses for his youngest child.
The mother testified that she wanted the father's visitation to be phased in gradually and supervised because the father had not been around the child much, because she and the father have a history of getting into arguments, because the father works long hours, and because she has a "very bad history" with the father's wife and knows "nothing" about her.
Discussion
On appeal, the mother first argues that the trial court erred by not requiring that the father's visitation with the child be phased in gradually and by not requiring that the visitation be supervised. We initially note, however, that because there is no indication in the record that the trial court's visitation order was stayed, the mother's argument regarding the trial court's failure to require the visitation to be gradually phased in is largely moot. See, e.g., State ex rel. Eagerton v. Corwin, 359 So.2d 767, 769 (Ala. 1977) ("A case is moot when there is no real controversy and it seeks to determine an abstract question which does not rest on existing facts or rights."). Moreover,
"the law presumes that it is in the best interest of a child to have complete and unrestricted association with his or her parents. See Jackson v. Jackson, 999 So.2d 488, 494-95 (Ala. Civ. App. 2007) (quoting Johnita M.D. v. David D.D., 191 Misc. 2d 301, 303, 740 N.Y.S.2d 811, 813 (Sup. Ct. 2002) ). When the parents are deemed fit and proper persons, the parents should have reasonable visitation rights. Naylor v. Oden, 415 So.2d 1118 (Ala. Civ. App. 1982). As we have recently noted, the reasonableness of visitation rights and any restrictions on visitation depend on the circumstances of the case. Jackson, 999 So. 2d at 494-95. In deciding appropriate restrictions on visitation, '[t]he trial court is entrusted to balance the rights of the parents with the child's best interests to fashion a visitation award that is tailored to the specific facts and circumstances of the individual case.' Nauditt v. Haddock, 882 So.2d 364, 367 (Ala. Civ. App. 2003)."
V.C. v. C.T., 976 So.2d 465, 468 (Ala. Civ. App. 2007).
In the present case, the evidence at the trial indicated that the father had visited the child, albeit not regularly. There was no evidence indicating that the child would be harmed in any way by allowing the child "complete and unrestricted" visitation with the father. Therefore, we cannot conclude that the trial court exceeded its discretion by declining to require the father's visitation to be phased in gradually or to be supervised.
*1112 The mother also argues that the trial court erred in calculating the father's child-support obligation. She correctly notes that the father's pay stub for the period October 2 through October 9, 2017, which was introduced at the trial, indicates that he earns a higher monthly salary than he reflected on his Form CS-41. We note that the father's income as reflected on his Form CS-41 is approximately the amount he would earn working 40 hours per week at his hourly rate of pay. However, the father testified that he earns overtime pay once or twice per month; that overtime pay, along with certain "shift premiums" reflected in his pay stub, would explain the discrepancy between the father's represented income on his Form CS-41 and his income as reflected on the pay stub introduced at trial.
"This court has held that 'overtime' income falls within the definition of income for purposes of calculating child support, 'to the extent that such income is sufficiently substantial and continuing, and that it can be accurately determined.' State ex rel. Smith v. Smith, 631 So.2d 252, 255 (Ala. Civ. App. 1993). However, 'there may be circumstances where overtime pay appears to be an anomaly or is uncertain or speculative, thereby justifying its exclusion from income for purposes of setting child support or deviating from the child support guidelines, in which case the trial court should make a finding to that effect.' Id.; see also, Homan v. Homan, 623 So.2d 326 (Ala. Civ. App. 1993)."
Jordan v. Jordan, 688 So.2d 839, 841 (Ala. Civ. App. 1997).
In this case, the father testified that he earns overtime pay once or twice per month. We conclude that overtime at that regularity constitutes "substantial and continuing" overtime and therefore should have been considered as income for purposes of calculating the father's child-support obligation. Therefore, we reverse the trial court's judgment to the extent that it calculated the father's child-support obligation.
The mother finally argues that the trial court erred by deviating from the guidelines and reducing the father's child-support obligation as calculated pursuant to Rule 32. "To the extent that the [mother] is arguing that the ... child-support award[ ] should be reversed because the trial court failed to include the specific findings required by Rule 32(A)(ii)..., Ala. R. Jud. Admin., in the ... judgment, the [mother] is making that argument for the first time on appeal, and, therefore, we cannot consider it." Taylor v. Taylor, 121 So.3d 987, 995 (Ala. Civ. App. 2012) (citing Andrews v. Merritt Oil Co., 612 So.2d 409, 410 (Ala. 1992), which held: "[An appellate c]ourt cannot consider arguments raised for the first time on appeal...."). We will, however, consider her argument concerning the sufficiency of the evidence to support the deviation.
Pursuant to Rule 32(A), there is a "rebuttable presumption, in any judicial or administrative proceeding for the establishment or modification of child support, that the amount of the award that would result from the application of the[ ] guidelines is the correct amount of child support to be awarded." That presumption may be rebutted by a "determination by the court, based upon evidence presented in court and stating the reasons therefor, that application of the guidelines would be manifestly unjust or inequitable." Rule 32(A)(ii).
In this case, the mother's specific argument is that the father failed to introduce into evidence any exhibits supporting his testimony regarding his monthly expenses. The mother, however, fails to cite any authority for the proposition that testimony, without supporting documentation, is *1113 insufficient to prove the father's monthly expenses. See, e.g., White Sands Grp., L.L.C. v. PRS II, LLC, 998 So.2d 1042, 1058 (Ala. 2008) ("Rule 28(a)(10)[, Ala. R. App. P.,] requires that arguments in briefs contain discussions of facts and relevant legal authorities that support the party's position. If they do not, the arguments are waived."). However, because we are reversing the trial court's award of child support on the basis that the trial court incorrectly calculated the father's income, see discussion, supra, on remand the trial court is permitted to reconsider whether a deviation from the amount determined by application of the Rule 32 child-support guidelines is warranted considering the father's income, its corrected Rule 32 child-support calculations, and the evidence in the record. The trial court's judgment is affirmed in all other respects.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
Pittman, Thomas, and Donaldson, JJ., concur.
Thompson, P.J., concurs in the result, without writing.